## HARVEY v. UNITED STATES.

### (Circuit Court of Appeals, Third Circuit. March 3, 1908.)

### No. 36.

INDICTMENT—AIDER BY VERDICT—GOOD AND BAD COUNTS.

Where accused, a national bank clerk, was indicted under several counts for making false entries in the bank's books, in violation of Rev. St. § 5209 [U. S. Comp. St. 1901, p. 3497], and on conviction on several counts was sentenced to imprisonment for a term less than the maximum provided for a single offense, and at least one of the counts in the indictment was sufficient, the sentence would be applied to such count, and the validity of the remaining counts regarded as immaterial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indictment and Information, §§ 651–654.]

In Error to the District Court of the United States for the Western District of Pennsylvania.

R. H. Jackson, for plaintiff in error.
John W. Dunkle and R. M. Gibson, for the United States.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the plaintiff in error, Thomas W. Harvey, a teller and clerk in the Enterprise National Bank, was indicted for making 12 false entries in the bank's books, contrary to Rev. St. 5209 [U. S. Comp. St. 1901, p. 3497], which provides:

"Every president, director, cashier, teller, clerk or agent of any association, who embezzles, abstracts or willfully misapplies any of the money, funds or credits of the association; or who, without authority from the directors issues or puts in circulation any of the notes of the association; or who, without such authority, issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, assigns any note, bond,

draft, bill of exchange, mortgage, judgment, or decree; or who makes any false entry in any book, report, or statement of the association, with intent, in either case, to injure or defraud the association or any other company, body politic or corporate, or any individual person, or to deceive any officer of the association, or any agent appointed to examine the affairs of any such association; and every person who with like intent aids or abets any officer, clerk or agent in any violation of this section, shall be deemed guilty of a misdemeanor, and shall be imprisoned not less than five years nor more than ten."

Each of the entries was made the subject of three counts, the charges being respectively laid: First, with intent to injure and defraud the banking association; secondly, with intent to deceive the agent who might be appointed to examine the affairs of said association; and, thirdly, with intent to deceive the directors thereof. The verdict found "the defendant guilty in manner and form as charged in the first 33 counts of the indictment, and not guilty in counts 34, 35, and 36 of the indictment." The court having sentenced the defendant to seven years' imprisonment, he sued out this writ.

No question is raised as to the fairness of the trial or the sufficiency of the evidence to warrant the verdict. The two assignments of error, viz.:

"(1) The verdict of the jury being as follows: 'We, the jury in the case of the United States v. Thomas W. Harvey, do find this defendant guilty in manner and form as charged in the first 33 counts of the indictment and not guilty on counts 34, 35, and 36 of the indictment'—is erroneous in this: That it is a conviction for three separate and distinct offenses for the commission of but one act, and in the aggregate is a conviction for 33 separate offenses for the commission of but 11 separate acts, namely, the making of 11 false entries.

"(2) The court erred in entering judgment and pronouncing the following sentence: 'And now, to wit, July 9, 1907, the sentence of the court is that you be imprisoned in the Western Penitentiary of Pennsylvania for and during the term of seven years and be subject to the same discipline and treatment as convicts sentenced by the courts of the state, and while so confined therein you shall be exclusively under the control of the officers having charge of the said penitentiary; that you pay the costs of this prosecution, and stand committed until this sentence be complied with'"

—in effect simply challenge the sufficiency of the indictment and verdict to warrant the sentence imposed.

It will be noted the sentence of seven years was less than the limit of ten years which could be imposed for any single violation of this act. Now when a sentence is imposed generally and without application to any special count, and any particular count warrants such sentence, the sentence is applied to such warranting count. Thus in Evans v. United States, 153 U. S. 608, 14 Sup. Ct. 939, 38 L. E. 839, it is said:

"As the verdict was rendered upon all the counts, and the sentence did not exceed that which might properly have been imposed upon conviction under any single count, such sentence is good, if any such count is found sufficient."

This was but a restatement by the Supreme Court of the law as laid down in its earlier case of Claassen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966, and followed in its later case of Goode v. United States, 159 U. S. 663, 16 Sup. Ct. 136, 40 L. Ed. 297. In this indictment three counts were based on each entry, to meet the three

provisions of the act, viz., intent to defraud the bank, intent to defraud an agent to examine, and intent to defraud directors. These three counts, involving the same subject-matter, were, as provided in Rev. St. § 1024 [U. S. Comp. St. 1901, p. 720], joined in one indictment, and each of them, standing by itself, charged the defendant in the exact words of the statute with a crime thereunder. But such count—for example, the one based on an intent to defraud the bank—follows the exact wording of the statute, and, being sufficient to warrant the sentence of seven years imposed by the court, the question whether the court could have imposed further sentence on the counts based on the same entry, which in one case charged an intent to deceive an agent appointed to examine, and in the other an intent to deceive a director, becomes unimportant, and, without expressing any opinion thereon, it suffices to say it is not here involved, and this renders of no practical effect the question raised as to the verdict by the first exception, that it is a conviction for three separate and distinct offenses for the commission of but one act, for any single one of the thirty-three counts of this indictment warrant the seven-year sentence here imposed.

Finding no error in the court below, the writ of error is dismissed, and the case remanded to the court below to enforce sentence.