## COOK v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. March 3, 1908.)

### No. 45.

1. BANKS AND BANKING—NATIONAL BANKS—AIDING MISAPPROPRIATION—EVIDENCE—ADMISSIBILITY.

In a trial for aiding a national bank cashier in misapplying a stock certificate held by the bank as collateral for a loan, defendant having used the certificate as collateral on a note he discounted, defended on the ground defendant did not know of the bank's interest in the certificate and was innocent of any purpose to aid and abet in abstracting it, the prosecution could show that the bank's minute book disclosed no record of the directors sanctioning the use of the certificate.

2. WRIT OF ERROR—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In a trial for aiding a national bank cashier in misapplying a stock certificate held by the bank, defended on the ground that defendant did not know of the bank's interest in the certificate and was innocent of any criminal purpose, any error in admitting the bank's minute book on the prosecution's part to show that it disclosed no record of the directors sanctioning the use of the certificate, was harmless, where a witness, without any objection to the competency of the book, had testified to the substantive fact, which was admissible, that there was no such record in the book; the authenticity of the book not being questioned on writ of error, the effect of the testimony being wholly negative, and there being nothing to show that the directors had authorized the withdrawal by the cashier of the certificate, or had taken any action respecting it which was not recorded.

3. CRIMINAL LAW—TRIAL—INSTRUCTIONS.

A point presented by defendant in a federal prosecution, that the burden of proof was on the government, that defendant was entitled to the benefit of a reasonable doubt, and that when testimony contradictory or explanatory is introduced by defendant it becomes a part of the burden resting on the government to make the case so clear that there can be no reasonable doubt as to the inferences and presumptions claimed to flow from the evidence presented by the government, in effect called for instructions as to the burden of proof, and was properly answered by the court saying: "Understanding by this point it is meant that the burden of proving the guilt of the defendant rests upon the government, and that the proof must satisfy the jury of such guilt beyond any reasonable doubt that may arise upon all the evidence in the case, in order to warrant a conviction, the point is affirmed."

4. SAME—INTENT.

The following instruction, in a trial for aiding a national bank cashier in misapplying a stock certificate held by the bank, was unobjectionable, being but a broader statement of the principle that every man is presumed to know the natural and probable consequences of his own acts: "As I have said before, the question of intent is one that is hard to establish directly, because grown persons do not always disclose the object they have in view in any acts in which they may indulge; and you have to gather the intent from the character of the act, the circumstances surrounding it, and from conduct of a like character which may appear as tending to aid you in finding and discovering it. But in connection with all this, unless the testimony satisfies you of something else, you are warranted in holding a party responsible for the natural and probable and legitimate consequences of his act. I have said that is what is presumed in every case a man means."

5. SAME—WRIT OF ERROR—REVIEW.

Where, on writ of error in a criminal case, it appears that the punishment imposed was justified by one count, assignments of error affecting other counts will not be reviewed.

In Error to the District Court of the United States for the Western District of Pennsylvania.

Defendant's ninth point, referred to in the opinion, was as follows:

"Ninth. The burden of proof is on the government, and the defendant is entitled to the benefit of a reasonable doubt; and, when testimony contradictory or explanatory is introduced by the defendant, it becomes a part of the burden resting upon the government to make the case so clear that there can be no reasonable doubt as to the inferences and presumptions claimed to flow from the evidence presented by the government."

The part of the charge complained of under defendant's fifteenth assignment of error is as follows:

"As I have said before, the question of intent is one that is hard to establish directly, because grown persons do not always disclose the object they have in view in any acts in which they may indulge, and you have to gather the intent from the character of the act, the circumstances surrounding it. and from conduct of a like character which may appear as tending to aid you in finding and discovering it. But in connection with all this, unless the testimony satisfies you of something else, you are warranted in holding a party responsible for the natural and probable and legitimate consequences of his act. I have said that is what is presumed in every case a man means."

A. M. Imbrie and Wm. W. Wishart, for plaintiff in error.

John W. Dunkle, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. The plaintiff in error, Lemert S. Cook, was convicted and sentenced in the court below of aiding and abetting the cashier of the Enterprise National Bank to misapply certain rights and credits of said bank. The first count charged aiding to abstract a certificate for 15 shares of Duquesne National Bank stock, which the Enterprise National Bank held as collateral for a loan. The remaining six charged aiding to abstract the bank's funds by the wrongful payment of checks of Cook on the Enterprise Bank. None of the assignments of error affect the two substantial facts underlying both charges, namely, that Cook had, in connection with Clark, the cashier, used such certificate, and had also obtained the funds of the bank by drawing, with Clark's consent, checks on his overdrawn account. These facts are not controverted. His defense was that these acts were innocently done by him and in ignorance of any criminal intent and conduct on the part of Clark. The certificate in question was given by Clark to Cook, and was used by the latter as collateral on a note he had discounted. When the bank failed, the defendant's checks held by the bank made Cook's account largely overdrawn. In the proofs submitted by the defendant he did not contend the certificate had not been wrongfully abstracted, but alleged he had received it from Clark, with whom he had business dealings, and used it in ignorance of the fact the bank held it, or that it was wrongfully taken therefrom.

The first assignment is to alleged error in the court's allowing Rinaker, the receiver of the bank, to testify that he had examined the minute book of the bank and had found no record of the directors' sanctioning the use of this certificate. It will be noted the objection went solely to the materiality of the fact, and not to the competency of the minute book to enable the witness to prove it. The court properly admitted proof of the fact, saying: "It is a link in the chain showing that this was misappropriated." No error was committed by the court in so holding. The proof, it is true, was merely negative; but, the burden being on the government to establish the defendant's guilt, we cannot say it had not a right to negative the contention that might have been made that the cashier used the bank's collateral with the consent of the board. It in no way prejudiced the case of the defendant. The defense he made was that he was ignorant of the bank's interest in the certificate, and innocent of any purpose to aid and abet in abstracting this property.

The tenth assignment is to alleged error in the admission of the minute book itself in evidence. In reference to this book the same witness (Rinaker) testified:

"That is one of the record books of the meetings of the board of directors of the Enterprise National Bank, as I found it there in the bank when I took possession."

The book was "objected to as incompetent and irrelevant; second, insufficiently proven; and, third, from the testimony already before the court, the books of the Enterprise National Bank are inaccurate." It will be noted that, as we have already seen, the witness Rinaker, without any objection to the competency of the book concerning which he spoke, had already testified to the substantive fact of there being no entry in the book, and the court was justified in treating the objection as referring to the relevancy of the book, which showed the fact to which Rinaker had already testified. Finding, then, as we do, that the testimony of the substantial fact was properly admitted, we think no error can be charged to the court in its general ruling disposing of all the objections. The exception taken may as well refer to the first objection, which was properly overruled.

As to the second, which is now challenged, we are satisfied that no injustice was done to the plaintiff in error in the premises. The authenticity of the book is not now questioned. In the shape the trial took, and the fact that the defense made was that the defendant did not know the bank had any connection with the certificate, the absence of entries in the book became a matter of inconsequence. Its effect was wholly negative. If there had been any entry in the book which affected the defendant, he would, of course, be entitled to have the entry authenticated; but here no entry, or the authenticity of it, was in question. The proof simply went to show that the minute book, which it is conceded to be, contained no entry, and neither in the defendant's proof in the court below nor in the review in this court has there been any suggestion that the board of directors had ever authorized the withdrawal by the cashier of this stock certificate, or taken any action in reference thereto which was not recorded. Indeed, their nonaction in this respect seems to have been so assumed at the trial that, although the directors were on the stand and testified that no board action was taken to discount the notes of the defendant, by the unwarranted discount and application of which to Cook's account Clark concealed Cook's overdrafts from the directors, neither side questioned them as to the board not having authorized the cashier to use this certificate. It will therefore be apparent that this assignment is of that immaterial character of proof which does not affect the substantial controversy on which the defendant's guilt rested, namely, whether Cook's use of this certificate was with guilty knowledge and intent. This assignment falls within the spirit of those wholesome holdings of the Supreme Court in Holmes v. Goldsmith, 147 U. S. 164, 13 Sup. Ct. 288, 37 L. Ed. 118, that:

"Courts of error are especially unwilling to reverse cases because unimportant and possibly irrelevant testimony may have crept in, unless there is reason to think that practical injustice has been thereby caused."

The fourteenth assignment, which complains of the court's answer to the defendant's ninth point, is without merit. The point in effect called for instructions as to the burden of proof. This the court properly answered by saying:

"Understanding by this point it is meant that the burden of proving the guilt of the defendant rests upon the government, and that the proof must satisfy the jury of such guilt beyond any reasonable doubt that may arise upon all the evidence in the case, in order to warrant a conviction, the point is affirmed."

We are also of opinion that the portion of the charge made the subject of the fifteenth assignment was unobjectionable. It was but a broader restatement of what had previously been said, and to it there can be no objection:

"Every man is presumed to know the natural and probable consequences of his own acts."

This disposes of all the assignments affecting the first count, and, as that count justified, as we have seen in the case of Harvey v. United States (at this term) 159 Fed. 419, the sentence imposed, it is unnecessary to discuss the assignments which affect the other counts only.

The writ will therefore be dismissed, and the record remanded to the court below to enforce sentence.