WESOKY et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. January 11, 1910.)

No. 33.

1. CRIMINAL LAW (§ 1168*)—APPEAL AND ERROR—REVIEW—HARMLESS ERROR.

Where defendants were convicted on a number of counts, and the judgment was warranted by any one of several of such counts, error, if any, in admitting or excluding evidence relating to one count alone, is immaterial, and not ground for reversal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3129–3136, 3144; Dec. Dig. § 1168.*]

2. INTERNAL REVENUE (§ 47*)—CRIMINAL PROSECUTIONS—EVIDENCE.

Rulings on the admission of evidence in the prosecution of defendants for a violation of Oleomargarine Act Aug. 2, 1886, c. 840, § 1, 24 Stat. 209 (U. S. Comp. St. 1901. p. 2228), considered, and held not erroneous.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 47.*]

_____

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. Witnesses (§ 52\*)—Competency—Husband and Wife—Criminal Prosecutions.**

The wife of a defendant indicted in a federal court is not a competent witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 124–136; Dec. Dig. § 52.\*]

In Error to the District Court of the United States for the Western District of Pennsylvania.

Jacob Wesoky and Louis Wesoky were convicted of a criminal offense, and bring error. Affirmed.

John M. Haverty, J. J. Goldsmith, and A. C. Stein, for plaintiffs in error.

John H. Jordan, for the United States.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the plaintiffs in error were charged in two indictments with sundry violations of the seventeenth section of the act of Congress of August 2, 1886 (24 Stat. 212, c. 840 [U. S. Comp. St. 1901, p. 2234]), and of sections 3 and 4 thereof, commonly known as the "Oleomargarine Act," as amended by Act May 9, 1902, c. 784, 32 Stat. 193 (U. S. Comp. St. Supp. 1909, p. 863). The indictments were consolidated and tried together, and there was a general verdict on each, finding the defendants guilty on all three counts of one and all eight of the other. The sentence was imposed generally, without reference to any particular count, and is warranted by any one of several counts. This brings the case within Claassen v. United States, 142 U. S. 146, 12 Sup. Ct. 170, 35 L. Ed. 966 (followed in Evans v. United States, 153 U. S. 595, 14 Sup. Ct. 934, 38 L. Ed. 830), wherein it was held:

"A general verdict and judgment on an indictment on information containing several counts cannot be reversed on error, if any one of the counts is good and warrants the judgment, because, in the absence of anything in the record to show the contrary, the presumption of law is that the court awarded sentence on the good. count only."

This ruling makes it needless for us to discuss the admissibility of an express receipt in evidence which alone concerned the third count of indictment No. 23. Leaving that count, therefore, out of consideration, we address ourselves to the assignments bearing on the others.

The first assignment concerns the testimony of one Forrer, which tended to show that certain canceled and partially obliterated stamps found on butter tubs were either oleomargarine or renovated butter stamps. We see no error in receiving this testimony. Forrer was a special agent, whose duty required familiarity with the revenue stamps placed on such food products, and his testimony did not attempt to identify stamps which presumably the jury, as well as he, could see were illegible and indistinguishable, but simply called attention to the fact that it was "the same kind of a tub and shows the same kind of cancellation that it would for oleomargarine or renovated butter." It is

---

\*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

evident that testimony as to these facts required in Forrer no expert skill, or any knowledge except that which he possessed as a revenue officer, familiar with the tubs in which such products were packed and with the marks used to cancel the revenue stamps thereon.

The fourth assignment alleged error in the admission by the court of certain fragments or alleged scrapings of revenue stamps, testified by Forrer to have been taken from tubs found on premises to which, as had been testified by an employé of defendants, the tubs, implements, and equipment had been hurriedly removed by night in anticipation of a raid by revenue officers. Clearly such evidence was admissible to corroborate the testimony of this witness, who was called by the government.

The fifth assignment, being to the admission of responsive testimony brought out by defendants' counsel on cross-examination, cannot be sustained.

The sixth assignment is without facts to support it. The right to call character witnesses was not denied the defendants. On the contrary, a number of them were called, and the value of their testimony as substantive proof for the defendants pointedly called to the jury's attention in the charge.

The seventh assignment is without merit. The wife of a defendant indicted in a federal court is not a competent witness. Graves v. United States, 150 U. S. 121, 14 Sup. Ct. 40, 37 L. Ed. 1021.

Finding no error under these assignments, or the others, which are of still less merit, no reason is shown why the sentences imposed should not be enforced.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes