### TALBOTT v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.   October 6, 1913.   Rehearing Denied October 29, 1913.)

**1. NEUTRALITY LAWS (§ 2\*)—CONTRABAND GOODS—EXPORTATION—JOINT RESOLUTION—VALIDITY.**

Joint Resolution No. 10, March 14, 1912, 37 Stat. 630, making it unlawful to export arms or munitions of war from the United States to an American country in which the President has proclaimed that he finds conditions of domestic violence exist, which are promoted by the use of arms or munitions of war procured from the United States, is valid.

[Ed. Note.—For other cases, see Neutrality Laws, Cent. Dig. § 3; Dec. Dig. § 2.\*

Object and scope of neutrality law, see note to Hart v. United States, 28 C. C. A. 622.]

**2. CRIMINAL LAW (§ 622\*)—SEVERANCE—DISCRETION.**

Under federal law severance in criminal cases is within the discretion of the trial court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1380–1383, 1385, 1386, 1388–1390; Dec. Dig. § 622.\*]

**3. WITNESSES (§ 52\*)—HUSBAND AND WIFE—COMPETENCY OF WIFE.**

At common law the wife of one of several defendants on trial at the same time cannot be called as a witness for or against any of them.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 124, 126–136, 165, 415–417, 419, 424; Dec. Dig. § 52.\*]

In Error to the District Court of the United States for the Western District of Texas; Waller T. Burns, Judge.

John S. Talbott was convicted of violating the Neutrality Laws, and he brings error.   Affirmed.

J. A. Gillett and C. C. McDonald, both of El Paso, Tex., and Wm. L. Evans, of Ft. Worth, Tex., for plaintiff in error.

Chas. A. Boynton, U. S. Atty., of Waco, Tex.

Before PARDEE and SHELBY, Circuit Judges, and FOSTER, District Judge.

PER CURIAM.   [1] We are compelled to affirm the judgment in this case.   The validity of the joint resolution No. 10, of March 14, 1912, 37 Stat. 630, as a criminal statute, has been recognized by the Supreme Court in United States v. Chavez, 228 U. S. 525, 33 Sup. Ct. 595, 57 L. Ed. 950, and United States v. Mesa, 228 U. S. 533, 33 Sup. Ct. 597, 57 L. Ed. 953.

[2] Under federal law severance in criminal cases is a matter within the discretion of the court.   United States v. Marchant & Col-

son, 12 Wheat. 481, 6 L. Ed. 700. See United States v. Ball, 163 U. S. 672, 16 Sup. Ct. 1192, 41 L. Ed. 300.

[3] Under the common law the wife of one of several defendants on trial at the same time cannot be called as a witness for or against any of them. 1 Greenleaf's Ev. § 334; Lucas v. Brooks, 18 Wall. 436, 453, 21 L. Ed. 779; Bassett v. United States, 137 U. S. 496, 11 Sup. Ct. 165, 34 L. Ed. 762.

For a case directly in point, see Reg v. Thompson, 12 Cox's Criminal Cases, 202.

The judgment of the District Court is affirmed.