### FIGUEROA v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 25, 1922.)

No. 3828.

**Criminal law ⬡1148—Granting of severance discretionary.**

It is within the sound discretion of the trial court to grant or refuse severance of defendants for trial, and a refusal of severance is not assignable as error, unless abuse of discretion is affirmatively shown.

In Error to the District Court of the United States for the Western District of Texas; William R. Smith, Judge.

Criminal prosecution by the United States against Angel Figueroa. Judgment of conviction, and defendant brings error. Affirmed.

Leander A. Dale, of El Paso, Tex., for plaintiff in error.

H. R. Gamble, Sp. Asst. Atty. Gen., and N. J. Morrison, Asst. U. S. Atty., of El Paso, Tex. (John D. Hartman, U. S. Atty., of San Antonio, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and KING, Circuit Judges.

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BRYAN, Circuit Judge. The defendant, Angel Figueroa, and three other defendants, were tried together upon a joint indictment, containing two counts, both based upon the so-called Harrison Anti-Narcotic Law of December 17, 1914 (Comp. St. §§ 6287g–6287q). The first count charges that the defendants imported into the United States from Mexico two ounces of morphine, without having first registered and paid the special tax required of importers. The second count charges that the defendants had the morphine in their possession without having first registered and paid the special tax required of dealers.

The defendant Figueroa was convicted upon both counts of the indictment. He filed an unverified motion for a severance, the only ground therefor being that he was not bound by the words or acts of any of his codefendants.

The evidence on behalf of the government was to the effect that the defendant procured an automobile in El Paso, and that he and two of his codefendants proceeded in it from there to the American side of the Rio Grande River, which river forms the boundary line between the United States and Mexico, and there received and placed in the automobile a quantity of whisky, which was brought by other parties from the Mexican side of the river. Just as the defendants were leaving the river, they were arrested by several customs officers. Upon making a search, these officers found in the automobile, in addition to the whisky, a package which it was afterwards shown contained the morphine described in the indictment. Among the officers making the search were H. M. Daugherty and Burt De Baun. Daugherty testified that he saw De Baun pick up the package and deliver it to Reeder, the supervising mounted customs inspector. De Baun did not testify, but Reeder testified that he delivered the same package to the narcotic inspector, who in turn testified that the package delivered to him by Reeder contained morphine.

The refusal of the court to grant defendant's motion for severance is assigned as error. It was not shown by affidavit, or otherwise, that defendant's rights would be, or were, prejudiced by the joint trial. It is within the sound discretion of the trial court to grant or refuse a severance, and a refusal of severance is not assignable as error unless abuse of discretion be affirmatively shown. United States v. Ball, 163 U. S. 662, 672, 16 Sup. Ct. 1192, 41 L. Ed. 300; Heike v. United States, 227 U. S. 131, 144, 33 Sup. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128; Talbott v. United States, 208 Fed. 144, 125 C. C. A. 360.

It is also contended that the evidence is insufficient to show that the package which De Baun found in the automobile, was the same package which was afterwards examined by the inspector and upon analysis found to contain morphine. Although De Baun did not testify, Daugherty testified of his own knowledge that the package which De Baun found in the possession of the defendants was the identical package which was delivered to Reeder, and which Reeder in turn delivered to the narcotic inspector. In this way the identity of the package is clearly and definitely established. De Baun's testimony would have been merely cumulative.

The judgment is affirmed.