## UNITED STATES v. DAVIDSON et al.

(District Court, E. D. Pennsylvania.    December 29, 1922.)

### No. 142.

1. Records ⬤⟹21—"Filed or deposited" not equivalent to "filed and deposited."

In Criminal Code, § 128 (Comp. St. § 10298), making it an offense to remove or destroy any books, papers, etc., "filed or deposited" with any judicial or public officer, the words "filed" and "deposited" are not synonymous. While filing involves depositing, the converse is not true.

[Ed. Note.—For other definitions, see Words and Phrases; First and Second Series, Deposit; File.]

2. Records ⬤⟹21—Removing or destroying public records; "deposited."

Books and papers relating to a bankrupt's business, rightfully in possession of his trustee, and taken by him for use as evidence before a referee, and there left until their authorized return, are "deposited" with the referee, within the meaning of Criminal Code, § 128 (Comp. St. § 10298), and their unauthorized removal by another with intent to destroy the same, or their destruction by him, constitutes an offense thereunder.

3. Witnesses ⬤⟹52(7)—Wife of one joint defendant not competent witness.

Where two defendants are jointly indicted and tried in a federal court, the wife of one is not a competent witness for either.

Criminal prosecution by the United States against David Davidson and Joseph Garber.    On motion by defendants for new trial.    Denied.

Robert V. Bolger, Asst. U. S. Atty., and George W. Coles, U. S. Atty., both of Philadelphia, Pa.

John R. K. Scott and William A. Gray, both of Philadelphia, Pa., for defendants.

THOMPSON, District Judge.    The defendants, together with Max Davidson, were jointly indicted under section 128 of the Criminal Code (Comp. St. § 10298).    The first count charged the defendants with removing, with intent to destroy the same, books and papers of the bankrupt estate of David Davidson, then and there on deposit with Referee Hill, to whom the bankruptcy proceedings had been referred, and the second count with destroying the said books and papers.    As to Max Davidson, the jurors were instructed to return a verdict of "not guilty" for want of evidence to connect him with the removal and destruction.    The testimony, upon which the conviction was based, showed joint action of the two other defendants, both in the removal and destruction of the books and papers.

The principal grounds upon which the motion for a new trial is based are that, under the facts proved, the books and papers were not deposited with the referee in bankruptcy, and that there was error in excluding the testimony of the wife of David Davidson, called for the defendants.    As to the first reason, I am not convinced that there was error in submitting the case to the jury under the instructions in the general charge and in the comments upon the points submitted.

[1, 2] Section 128 of the Criminal Code makes it an offense to remove or destroy or with intent to remove or destroy to take and carry

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

away any books, papers, document, or other thing, "filed·or deposited * * * with any judicial or public officer of the United States." ·It is urged by counsel for the defendant that, in the use of the words "filed or deposited," the ·conjunction "or" is not used in the disjunctive sense, but that "filed" and "deposited" were, intended by Congress to be synonymous. In my opinion the term "deposit," as used in the act, means the delivery of a book or paper to one entitled to have official custody thereof, either to be kept or to be redelivered, after it has served its purpose, to one having a right to receive it. Under the evidence the ·books and papers, which were, under the Bankruptcy Law (Comp. St. §§ 9585–9656), in the general official custody of the trustee, were taken by him from time to time to the office of the referee for the purpose of use in the bankruptcy proceedings, and for return by the referee or some one authorized by him to the trustee. At the time of the taking away, their immediate use was terminated, but they had not been delivered by any one to the trustee, nor to any one acting under his authority.

The term "filed," as used in the act, when applied to a referee, means to receive papers officially for orderly, systematic safe-keeping, and to indorse them with the date of filing, etc. General Orders II, XX (89 Fed. iv, ix, 32 C. C. A. iv, ix). They thus become a part of the record in the case. Bankruptcy Act, § 42b (Comp. St. § 9626). The distinction between filing and depositing arose in the case of United States v. Van Duzee, 185 U. S. 278, 22 Sup. Ct. 648, 46 L. Ed. 909, where Mr. Justice White said:

"The· construction which attributes to the word 'deposit,' as used in the statute, a meaning synonymous with 'filing' is strained."

While filing involves depositing, the converse is not true. The evidence in this case, in my opinion, was sufficient to establish a depositing of the books and papers with the referee.

[3] Upon the second question, the competency of the wife of David Davidson, it is well settled that the wife of a defendant indicted in the federal court is not a competent witness. Wesoky et al. v. United States, 175 Fed. 333, 99 C. C. A. 121; Graves v. United States, 150 U. S. 118, 14 Sup. Ct. 40, 37 L. Ed. 1021; Jin Fuey Moy v. United States, 254 U. S. 189, 41 Sup. Ct. 98, 65 L. Ed. 214; Logan v. United States, 144 U. S. 263, 12 Sup. Ct. 617, 36 L. Ed. 429; Hendrix v. United States, 219 U. S. 79, 31 Sup. Ct. 193, 55 L. Ed. 102. If the defendants, as in the present case, are jointly indicted and jointly tried, the wife of one of the defendants is not a competent witness for either. The latter proposition was decided in this circuit in the Wesoky Case, supra, where two defendants, Jacob Wesoky and Louis Wesoky, were tried together; the opinion being 'by Judge Buffington. See, also, Talbott v. United States, 208 Fed. 144, 125 C. C. A. 360; 1 Greenleaf's Ev. § 334; Chamberlayne, Ev. § 3656.

A new trial is denied as to both of the defendants.