### HADDAD v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1923.)

No. 3884.

1. Witnesses ☞52(7)—Wife of defendant not competent witness for defense in criminal trial.

    The wife of one defendant is not a competent witness for the defense in a criminal trial.

2. Criminal law ☞1156(1)—Ruling on motion for new trial reviewable only for abuse of discretion.

    Denial of a motion for new trial is not reviewable, except for an abuse of discretion.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Criminal law ⊜⟶1159(2)—Appellate court cannot weigh the testimony.**

The appellate court cannot weigh the testimony, but can only determine whether defendant has had a fair and impartial trial.

In Error to the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

Criminal prosecution by the United States against Joseph A. Haddad. Judgment of conviction, and defendant brings error. Affirmed.

Benjamin F. James, of Bowling Green, Ohio (Eldon H. Young, of Toledo, Ohio, and R. W. Stephenson, of Mansfield, Ohio, on the brief), for plaintiff in error.

George E. Reed, Asst. U. S. Atty., of Toledo, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, and John S. Pratt, Special Asst. Atty. Gen., on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. Plaintiff in error was convicted upon an indictment for conspiracy (under section 37 of the Penal Code [Comp. St. § 10201]) containing two counts, one charging intent to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and the other to defraud the United States in the possession and sale of alcohol, ostensibly procured for the manufacture of an alleged medicine, but in fact sold for beverage purposes. There was no request for directed verdict, and the charge to the jury is not sent up. There was a single sentence, less than the permissible maximum upon one count.

[1-3] We find no error in the record, which is in some respects insufficient to present the questions raised. We content ourselves with saying that there was ample testimony sustaining the conviction; that the court rightly excluded as a witness the wife of another defendant on trial (Graves v. United States, 150 U. S. 120, 121, 14 Sup. Ct. 40, 37 L. Ed. 1021; Hendricks v. United States, 219 U. S. 79, 91, 31 Sup. Ct. 193, 55 L. Ed. 102; Jin Fuey Moy v. United States, 254 U. S. 189, 195, 41 Sup. Ct. 98, 65 L. Ed. 214; Wesoky v. United States [C. C. A. 3] 175 Fed. 333, 99 C. C. A. 121; Talbott v. United States [C. C. A. 5] 208 Fed. 144, 145, 125 C. C. A. 360); that the motion for new trial was addressed to the sound discretion of the trial court, which was not abused, and so is not reviewable (Robinson v. Van Hooser [C. C. A. 6] 196 Fed. 620, 627, 116 C. C. A. 294; that we cannot weigh the testimony (Burton v. United States, 202 U. S. 373, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Kelly v. United States [C. C. A. 6] 258 Fed. 392, 169 C. C. A. 408); and that the record does not indicate that plaintiff in error was denied a fair trial.

The judgment of the District Court is affirmed.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes