## UNITED STATES v. LIDDY.

### SAME v. KING.

(District Court, E. D. Pennsylvania. Octo-
ber 17, 1924.)

Nos. 315, 316.

**I. Witnesses ⚖═350 — Cross-examination of
defendant as to previous conviction held
proper.**

A defendant charged with illegal sale of
liquor, who as a witness in his own behalf tes-
tified that he had never previously sold liquor
unlawfully, opened the door for cross-examina-
tion as to whether he had previously been con-
victed of such offense.

**2. Witnesses ⚖═52(7)—Wife of one of several
defendants in criminal trial not competent
witness.**

Under the common law, which governs the
evidence in criminal trials in the federal courts,
the wife of one of several defendants on trial at
the same time cannot be called as a witness for
or against any of them.

Criminal prosecution by the United States
against Patrick J. Liddy and Thomas King.
On motions for new trial and in arrest of
judgment. Denied.

George W. Coles, Dist. Atty., and Henry
B. Friedman, Asst. Dist. Atty., both of
Philadelphia, Pa., for the United States.

Edgar W. Lank, of Philadelphia, Pa., for
defendants.

THOMPSON, District Judge. The de-
fendant Patrick J. Liddy was charged in
an indictment containing five counts with
violations of the National Prohibition Act.[1]
Count 1 charged the sale of whisky on Octo-
ber 23, 1923; count 2, the sale of whisky
on October 24, 1923; count 3, the maintain-
ing of a common nuisance at premises 110–
112 North Fifty-Sixth street, Philadelphia,
a saloon where whisky was sold; count 4,
the unlawful possession on October 25, 1923,
of a large quantity of intoxicating liquor,
namely, whisky, gin, alcohol, wine, and beer;
and count 5, the maintaining of a common
nuisance on October 25, 1923, at the said
saloon, where whisky, gin, alcohol, wine,
and beer were kept. The indictment plead-
ed Liddy's previous conviction in this court
on June 27, 1923, upon a plea of guilty to

---

[1] Comp. St. Ann. Supp. 1923, § 10138¼ et seq.

an indictment charging him with unlawfully selling intoxicating liquor and maintaining a common nuisance.

The defendant Thomas King, who was employed by Liddy as bartender, was charged in the first count with the sale of whisky on October 23, 1923, and in the second count with a similar sale on October 24, 1923. These indictments, together with an indictment charging the sale of intoxicating liquor against Theresa Liddy, the wife of the defendant, Patrick J. Liddy, were consolidated for trial. After the jury was sworn, but before any evidence was offered, the district attorney moved to submit the bill against Mrs. Liddy. The other defendants were tried together, resulting in the conviction of Liddy on the first three counts, and of King upon both counts, of the respective indictments against them. Motions for a new trial and in arrest of judgment were made in behalf of each defendant.

[1] Error is assigned to the overruling of an objection to the question on cross-examination of Liddy whether he had previously been convicted of the illegal sale of intoxicating liquors. This question Liddy answered in the negative, but admitted that, under advice of counsel, he had entered a plea of guilty to the indictment in question. On direct examination, the defendant had testified that he had never on previous occasions unlawfully sold intoxicating liquors. He thus opened the door for cross-examination as to previous violations on the issue of his credibility. Fields v. United States, 221 Fed. 242, 137 C. C. A. 98; Christopoulo v. United States, 230 Fed. 788, 145 C. C. A. 98; Tierney v. United States (C. C. A.) 280 Fed. 322. And the indictment became evidence in rebuttal upon the issue raised by the defense of previous sales.

[2] Error is also assigned to sustaining the objection to the defendant's wife, Theresa Liddy, testifying as a witness on Liddy's behalf, or on behalf of the defendant King. The consolidation of the indictments and the joint trial of the defendants was not objected to by their counsel, and no severance was asked for, as in O'Brien v. United States (C. C. A.) 299 Fed. 568. Under the common law, which governs the evidence in criminal trials in the federal courts, the wife of one of several defendants on trial at the same time cannot be called as a witness for or against any of them. Talbott v. United States, 208 Fed. 144, 125 C. C. A. 360. See, also, United States v. Davidson, 285 Fed. 661, decided by this court, and Wesoky et al.

v. United States, 175 Fed. 333, 99 C. C. A. 121, by the Circuit Court of Appeals for this Circuit.

The motions for a new trial and in arrest of judgment on behalf of each defendant are denied. It is ordered that the defendants appear in court on Wednesday, October 22, at 10 a. m., for sentence.