# RAARUP v. UNITED STATES.*

## SMYTHE v. SAME.

Circuit Court of Appeals, Fifth Circuit.
January 30, 1928.

Nos. 5100, 5071.

1. **Criminal law ⚖=665(2)—Court's excepting witness from rule held within court's discretion.**

Action of court in excepting witness from rule requiring witnesses to remain out of courtroom until called to testify by permitting him to remain in courtroom while other witnesses were testifying, *held* within court's discretion.

2. **Criminal law ⚖=530—Admitting purported confession, where there was testimony that defendant signed it after whole of it was read to him, held not error.**

Admitting in evidence written instrument, purporting to be confession subscribed by defendant, objected to on ground that three of four typewritten pages constituting that instrument were not identified as part of confession, which defendant admitted he made, *held* not error, where there was testimony to effect that defendant signed that instrument after whole of it was read to him.

3. **Criminal law ⚖=781(5)—Refusing instruction that confession, to be admissible, must be voluntary, held not error, where there was no evidence that confession was not voluntary.**

Refusing instruction that "a confession, to be admissible in evidence, and one which the jury can possibly consider, must be free and voluntary, and not one extracted from the accused by long and diligent cross-questioning and examination by third degree methods," *held* not error, where defendant admitted he voluntarily made confession, and there was evidence supporting finding that instrument offered in evidence as his confession was confession made by him, and there was no evidence that confession was extracted from him by third degree methods.

4. **Criminal law ⚖=622(1)—Refusal of severance is not ground of reversal, unless abuse of discretion be affirmatively shown.**

It is within discretion of trial court to grant or refuse severance, and refusal of severance is not ground of reversal, unless abuse of discretion be affirmatively shown.

5. **Criminal law ⚖=622(2)—Refusing severance held not abuse of discretion, where evidence of codefendant's confession, implicating defendant, was admitted against codefendant alone.**

Refusing severance, in prosecution for feloniously taking and carrying away a quantity of fuel oil and other property from steamships belonging to United States, *held* not abuse of discretion, where codefendant's confession, in which he admitted his own guilt of charges made in indictment and stated that defendant aided and abetted him in commission of said crimes, and that he had paid $5,000 to defendant, was admitted against codefendant alone, and court cautioned jury against considering that evidence in passing on charges against other defendants.

*Rehearing denied February 27, 1928.

In Error to the District Court of the United States for the Eastern District of Louisiana; William I. Grubb, Judge.

Osa J. Smythe and Walter P. Raarup were convicted of feloniously taking and carrying away a quantity of fuel oil and other property from two named steamships, both the property of the United States, and each of them brings error. Affirmed.

George B. Smart, Geo. D. Smart, and John B. Murphy, all of New Orleans, La. (Finnorn & Murphy, of New Orleans, La., on the brief), for plaintiff in error Raarup.

T. S. Walmsley, of New Orleans, La., for plaintiff in error Smythe.

Wayne G. Borah, U. S. Atty., of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The indictment in this case against Osa J. Smythe, Walter P. Raarup, and two other persons contained four counts; the first and second counts charging the accused with feloniously taking and carrying away a quantity of fuel oil and other property from two named steamships, both the property of the United States. Smythe and Raarup were convicted under the first and second counts. Each of them sued out a writ of error. In behalf of Smythe, complaint is made of the action of the court in permitting H. V. Gulley, a witness for the government, who was present in the courtroom while previously examined witnesses gave their testimony, to testify, on the ground that the court had excluded all witnesses from the courtroom until called for examination; of the admission in evidence of a written instrument purporting to be a confession subscribed by Smythe; and of the refusal to give the following charge requested by him: "A confession, to be admissible in evidence, and one which the jury can possibly consider, must be free and voluntary, and not one extracted from the accused by long and diligent cross-questioning and examination by third degree methods." In behalf of Raarup complaint is made of the refusal of the court to grant his motion for a severance, and of the overruling of his motion to direct a verdict of acquittal.

[1] The record shows that, by the action of the court in excluding Gulley from the rule requiring witnesses to remain out of the courtroom until called to testify, Gulley was permitted to remain in the courtroom while other witnesses were testifying. That action was within the court's discretion, and the rec-

ord does not show that it involved an abuse of discretion.

[2] The admission in evidence of the written instrument purporting to be a confession by Smythe was objected to, not on the ground that the confession was not shown to have been made freely and voluntarily, but on the ground that three of the four typewritten pages constituting that instrument were not identified as part of the confession which Smythe admitted he made. There was testimony to the effect that Smythe signed that instrument after the whole of it was read to him. The court did not err in making the ruling in question.

[3] As Smythe admitted that he voluntarily made a confession, and there was evidence to support a finding that the instrument offered in evidence as his confession was the confession made by him, and there was no evidence that a confession was extracted from him "by third degree methods," the court did not err in refusing to give the above set out requested charge to the jury.

[4, 5] Raarup's motion for a severance was based on the ground that his defense and the defense of Smythe were antagonistic, in that Smythe had made a confession, in which he admitted his own guilt of the charges made in the indictment, and falsely stated that Raarup aided and abetted him in the commission of said crimes. On the hearing of that motion the district attorney, in reply to a question, stated that Smythe had made confessions which included a statement that he had paid $5,000 to Raarup. It is within the discretion of a trial court to grant or refuse a severance, and a refusal of a severance is not a ground of reversal, unless abuse of discretion be affirmatively shown. United States v. Marchant, 12 Wheat. 480, 6 L. Ed. 700; Figueros v. United States (C. C. A.) 284 F. 843; Milner v. United States (C. C. A.) 293 F. 590. The record does not show that Raarup would be or was prejudiced by a denial of his motion for a severance. Evidence of Smythe's confession was admitted against him alone, and the court pointedly cautioned the jury against considering that evidence in passing on the charges against defendants other than the one against whom alone that evidence was admitted. We do not think that it appears from the record that the court's discretion was abused by its refusal of a severance.

An examination of the evidence set out in the record has led us to the conclusion that a phase of it was such as to justify a finding that Raarup was guilty of the offense of which he was convicted. It follows that the court did not err in overruling his motion that a verdict in his favor be directed.

The judgment against both the plaintiffs in error is affirmed.