## POSEY *v.* UNITED STATES.

INDICTMENTS; JOINDER OF COUNTS; ARSON; VERDICT; EVIDENCE.

1. Counts charging a defendant with attempting to burn another person's
   house, and with setting fire to his own property with intent to defraud
   an insurance company, are properly joined in the same indictment,
   where such offenses grow out of the same act; and it is no objection
   that the penalties for the two offenses are not the same. (Following
   *Ooratola* v. *United States,* 24 App. D. C. 229.)
2. A person who maliciously attempts to burn the building of another is
   not exempt from criminal liability under D. C. Code, sec. 820 [31 Stat.
   at L. 1323, chap. 854], merely because he is occupying such building as
   a tenant.
3. A general verdict and judgment on an indictment containing several
   counts cannot be reversed on error, if any of the counts is good and
   warrants the judgment, because, in the absence of anything in the
   record to show the contrary, the presumption of law is that the court
   awarded sentence on the good count only.
4. It is not reversible error to refuse to permit a defendant in a criminal
   case to testify that he has never before been convicted of, or arrested
   for, crime.

No. 1565.  Submitted November 10, 1905.  Decided December 5, 1905.
     Opinion on motion for rehearing, January 5, 1906.

HEARING on an appeal by the defendant from a judgment of
conviction of arson by the Supreme Court of the District of Co-
lumbia, and upon a motion for rehearing.
          *Affirmed, and motion for rehearing denied.*

The facts are sufficiently stated in the opinion.

*Mr. John C. Gittings, Mr. M. F. Mangan,* and *Mr. Justin M.
Chamberlin* for the appellant.

*Mr. James S. Easby-Smith,* Special Assistant United States Attorney for the District of Columbia, for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

The appellant, Charles P. Posey, was indicted under sections 820 and 821 of the District Code [31 Stat. at L. 1323, chap. 854]. The indictment contained three counts, the first, drawn under section 820, charged him with attempting to burn a certain house, the property of another person; the second and third counts were drawn under section 821, and respectively charged him with setting fire to certain goods belonging to him with intent to defraud the Potomac Insurance Company, and with burning certain goods belonging to him with intent to defraud the same company. He pleaded not guilty, and on trial was found guilty on the first and second counts, and not guilty on the third. Motions in arrest of judgment and for a new trial were made and overruled, and he was thereafter sentenced to imprisonment in the penitentiary for a year and a day, and from such sentence this appeal was taken.

The record discloses that the appellant, on July 22, 1902, was occupying, as a residence and store, a house located in the District, and owned by Mrs. Annie C. Felter, which he rented, paying her $22 a month. The indictment is predicated upon the attempt to burn this building, and the goods, wares, and merchandise therein contained, and the proofs show that there was but one attempt to burn, and that occurred on the night of the 22d of July, 1902.

The first ground on which the motion in arrest of judgment is based is upon the contention that the first and second counts were improperly joined in the indictment. It is proper at this point to dispose of that question, which forms a part of the assignment of errors. Both charges were for the same act, which was committed by the same person, at the same time. We are clearly of the opinion that the counts were properly joined, and that, had separate indictments been returned, the court could have properly consolidated them. The gravamen of both offenses

is burning, or attempting to burn. Such acts in the District of Columbia are statutory offenses, and may be set out as separate counts in the same indictment. It is difficult to state a case where two offenses grow out of the same transaction if the present case does not disclose one. The mere fact that the penalties are not the same is not controlling. The penalty provided by section 820 is imprisonment for not less than one year nor more than ten years, while, under section 821, the penalty is imprisonment for not more than fifteen years. *Coratola* v. *United States,* 24 App. D. C. 229.

Turning now to the first count, which is as follows:

"The grand jurors of the United States of America, in and for the District of Columbia, aforesaid, upon their oath do present:

"That on the twenty-second day of July, in the year of our Lord one thousand nine hundred and two, and at the District aforesaid, one Charles P. Posey, late of the District aforesaid, did maliciously attempt to burn a certain building there situate, occupied and used in part by the said Charles P. Posey as a store, and in part as a dwelling, and which said building was then and there the property of a certain Anna Caroline Felter; against the form of the statute in such case made and provided, and against the peace and government of the United States."

We think there can be no doubt of its sufficiency, and that it states an offense under section 820 which reads as follows:

"Sec. 820. Arson.—Whoever shall maliciously burn, or attempt to burn, any dwelling, or house, barn, or stable, adjoining thereto, or any store, barn, or outhouse, or any shop, office, stable, store, warehouse, or any other building, or any steamboat, vessel, canal boat, or other water craft, or any railroad car, the property, in whole or in part, of another person, or any church, meetinghouse, schoolhouse, or any of the public buildings in the District, belonging to the United States or to the District of Columbia, shall suffer imprisonment for not less than one year nor more than ten years."

The proofs showed conclusively that the building was the property of Mrs. Felter, and that brings it within the terms of the section of the Code in that it was the property "in whole or

in part of another person." The fact that the appellant was occupying the building as a tenant does not take it out of the terms of the section.

It is not to be presumed that Congress intended to exempt from liability a tenant who should maliciously burn, or attempt to burn, a building belonging to another, though temporarily occupied by him. In making such burning, or attempting to burn, a statutory offense, there was no reason why any such exception should be made, and therefore none will be inferred. The facts disclosed as to the circumstances surrounding the attempt to burn the building were sufficient to show that the offenses came within the terms of the statute. There was no error in the refusal of the court to instruct the jury to render a verdict of acquittal in the first count of the indictment. To hold otherwise would result in robbing the section of much of its vitality, and would improperly limit it.

As we find this count and the verdict rendered upon it clearly warranted, it follows that it is sufficient to support the judgment and sentence.

There was an express finding of guilty on the first count, and the sentence of one year and a day was not greater than provided by section 820, under which the count was framed.

In view of this conclusion, we deem it unnecessary to expressly determine the sufficiency of the second count. In *Claassen* v. *United States,* 142 U. S. 140, 35 L. ed. 966, 12 Sup. Ct. Rep. 169, the court, considering this question, and after finding that one of several counts of one indictment was sufficient, said that it was unnecessary to consider the remaining counts, because the verdict of guilty on that count was sufficient to support the judgment and sentence. The reason for such finding applies equally here. The court said, at page 146, L. ed. page 968, and Sup. Ct. Rep. page 170: "In criminal cases, the general rule, as stated by Lord Mansfield before the Declaration of Independence, is 'that, if there is any one count to support the verdict, it shall stand good, notwithstanding all the rest are bad.' " After citing authorities, the court adds: "And it is settled law in this court, and in this country generally, that in

any criminal case a general verdict and judgment on an indict-
ment or information containing several counts cannot be re-
versed on error if any one of the counts is good and warrants
the judgment, because, in the absence of anything in the record
to show the contrary, the presumption of law is that the court
awarded sentence on the good count only."

In conclusion, it may be added that the exclusion of the ques-
tions put to the defendant by his counsel, as to whether he had
ever before been arrested, or ever been convicted of any crime,
even though it might have been proper for the court to allow
them to be answered, is not a reversible error.

The defendant derived as much advantage from the questions
being asked by his counsel as he would had he answered them.

We conclude that the judgment should be affirmed, and it is
so ordered.                                   *Affirmed.*

*Mr. Gittings* and *Mr. Mangan,* for the appellant, moved for a
rehearing, and filed a brief in support of the motion.

The motion was denied January 5, 1906, the opinion, PER
CURIAM, being as follows:

The first ground of the motion for reargument was fully con-
sidered on the hearing. It relates entirely to errors committed
in the admission of evidence in support of the charge in the
second count of the indictment, the sufficiency of which count
was also attacked. Having held the first count good, the finding
of the jury that the appellant was guilty as charged therein was
sufficient to support the judgment, and it was considered un-
necessary to determine the sufficiency of the second count and
the regularity of the proceedings thereunder.

The second ground of the motion relates to the error assigned
on the refusal to permit the defendant, when offered as a wit-
ness on his own behalf, to testify that he had never before been
convicted of, or arrested for, crime. This was considered and
found without merit. In passing, it was suggested that, for all
practical purposes, the defendant derived as much advantage

from the questions as he would had he answered them. Whether such be the case or not is immaterial.

The evidence was inadmissible upon any ground in this case. It met, and tended to meet, no evidence offered on behalf of the prosecution.· Notwithstanding the general presumption of innocence and previous good character, a defendant has the right to offer evidence of his general good character if he thinks it of importance. But negative evidence of the kind offered does not put character in issue, and open it up to evidence in contradiction.

The authorities cited in support of the admissibility of the evidence have no bearing upon the question at all. Some of them support the proposition that, when a defendant offers himself as a witness on his own behalf, he may be cross-examined with relation to former convictions, as a means of impeaching his credibility. Other authorities deny this proposition upon what would seem to be sounder reasoning. But, whatever the true rule in such a case, it is a question essentially different from that presented here.

Upon re-examination we are satisfied that the court committed no error in excluding the testimony. The motion is *denied*.