## UNITED STATES v. PHILADELPHIA & R. RY. CO.

### (District Court, E. D. Pennsylvania. December 17, 1910.)

### Nos. 25 and 26.

1. CARRIERS (§ 38*)—INTERSTATE COMMERCE ACT—PROSECUTION FOR GIVING CONCESSIONS—QUESTIONS FOR JURY.

> On the trial of indictments against a railroad company for granting concessions to a shipper in respect to interstate shipments in violation of the Elkins Act of Feb. 19, 1903, c. 708, § 1, 32 Stat. 847 (U. S. Comp. St. Supp. 1909, p. 1138), and for failing to observe its published tariff rates with regard to demurrage charges, the questions whether defendant had made a settlement with the shipper as to such demurrage, and whether, if so, the cancellation of the charges was a valid settlement of a disputed claim or for the purpose of making a concession in violation of the law were questions of fact for the jury.

> [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 38.*

> What constitutes an unlawful preference or discrimination by a carrier under interstate commerce regulations, see note to Gamble-Robinson Commission Co. v. Chicago & N. W. Ry. Co., 94 C. C. A. 230.]

2. CARRIERS (§ 38*)—PROSECUTION FOR GIVING CONCESSIONS IN VIOLATION OF INTERSTATE COMMERCE ACT—VARIANCE.

> An indictment against a railroad company containing a number of counts, each charging the granting of a concession by defendant to a shipper in violation of Elkins Act Feb. 19, 1903, c. 708, § 1, 32 Stat. 847 (U. S. Comp. St. Supp. 1909, p. 1138), by failing to collect a demurrage charge fixed by its published schedule of rates on a single carload shipment, is supported as to any one count by proof that at a single settlement between defendant and the shipper after all the shipments charged had been made defendant made a concession equal to the demurrage charges on all of the cars.

> [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 38.*]

Criminal prosecution against the Philadelphia & Reading Railway Company. On motion and reasons for new trial. Overruled.

J. Whitaker Thompson, for the United States.

John G. Lamb and Charles Heebner, for defendant.

HOLLAND, District Judge. The defendant is indicted upon the charge of granting and giving a concession 'in respect to the transportation of property in interstate commerce in violation of the provisions of Elkins Act Feb. 19, 1903, c. 708, 32 Stat. 847 (U. S. Comp. St. Supp. 1909, p. 1138), and also for failing to strictly observe the published tariff rates until changed according to law.

At the trial, upon a plea of not guilty, the defendant was convicted, with a recommendation to the mercy of the court. A motion and 26 reasons for a new trial were duly filed. All the reasons assigned will not be considered, as many of them are based upon questions of law which were fully considered in the charge of the court. Three propositions, however, were discussed by counsel at the argument on the motion for a new trial, to which reference will be made. They are:

First. That there was no settlement for demurrage charges on cars against the Bethlehem Steel Company for the period from April 1 to

October 1, 1907, and therefore no concession made by the defendant, as charged in the indictment. The defendant is charged in one indictment (No. 25) with failing to strictly observe its tariffs with regard to demurrage charges on its cars used in the transportation of interstate freight to the Bethlehem Steel Company during the period from April to October, and in indictment No. 26 with having granted a concession in the cancellation of demurrage charges on cars of the defendant used in the transportation of interstate commerce to the Bethlehem Steel Company during the same period. While the weight of the evidence may be to the effect that no settlement was had with regard to the demurrage charges made by the defendant against the Bethlehem Steel Company during this period, yet there was some evidence to show that the comptroller of the company regarded the settlement as covering this period. The voucher in settlement so stated, and there is now no charge against the Bethlehem Steel Company in the accounts of defendant for demurrage on cars for this period. This was a question of fact, and properly submitted to the jury.

Second. That the alleged concession was simply the settlement of a disputed claim for demurrage on cars of the defendant used in transporting interstate freight to the Bethlehem Steel Company, and that the Bethlehem Steel Company had established a legal defense to this claim, which was acknowledged by the defendant, and the cancellation of the charges made. This was also a question of fact which was properly submitted to the jury, and the verdict establishes the contention of the government that it was not a valid settlement of a disputed claim but was the cancellation of a demurrage charge by the defendant for the purpose of making a concession to the Bethlehem Steel Company in the matter of charges, in violation of the interstate commerce act.

Third. That the giving or receipt of a concession being the gist of the offense, the court should have instructed the jury that inasmuch as the defendant in one settlement on December 29, 1908, canceled the demurrage charges against the Bethlehem Steel Company, which cancellation constituted the granting but one concession by the defendant to the Bethlehem Steel Company, the jury could not return a verdict of guilty upon each count of the indictment for each car, though subject to a demurrage which was included in the whole settlement. In other words, as indictment No. 25 contained 63 counts, and indictment No. 26, 24 counts, each based upon a concession granted by the defendant to the Bethlehem Steel Company on demurrage charges on separate car loads, there could be no conviction. There was only the one settlement which took place on the date mentioned when the whole alleged concession was consummated. It is true that the defendant is charged in indictment No. 25 in 63 counts with failing to strictly observe its tariffs during the period mentioned, and in indictment No. 26 the defendant is charged on the 24 separate counts, in similar manner, with granting a concession in demurrage charges on separate car loads. Upon the indictment charging a failure to strictly observe the tariff sheets, the government offered evidence to show that on each of these separate car loads the defendant failed to collect the demur-

rage charges, in accordance with the tariff sheets, and the jury found the defendant guilty in manner and form as indicated, to wit, on the 63 counts. Similar evidence was offered as to the indictment charging the concession with regard to each separate car load, and the verdict establishes that the defendant made a concession on the demurrage charges for each car load shipped, and the evidence also tended to establish, and the jury so found, that the amount of the concession made at the single settlement on December 29, 1908, was in excess of the amount of each car load, and, in fact, sufficient to cover the amount of the alleged concession on the total number of cars, so that the evidence offered was the same, and sufficient to establish a concession made on the car mentioned in any one of the counts. In fact, as a matter of pleading, the government could not more specifically set forth the items of charge of which the concession consisted, and the fact that the total of the settlement exceeded the concession upon one car load is not ground for urging a failure to prove the alleged concession charged in the count. It is established, from the verdict of the jury, that the government proved the concession on the demurrage as to each car load mentioned in the different counts, so that it can be said that the charge as to any count has been fully established.

The charges for demurrage, as set forth in the published tariffs of the defendant, were upon car loads, and it was incumbent upon the government in charging the offense to specifically set forth the nature, and, if possible, the amount of the concession, and to point out what particular tariff charges the defendant violated and failed to observe in making the concession; and, as was said by the court, in the case of United States v. New York Central Railway Company (C. C.) 157 Fed. 293, "if the indictment declared upon one carriage and one payment, and it appeared that there were many carriages for one payment, there would be danger of a variance, and so also it might be impossible to prove all the carriages and all the rebates aggregating the payment made." It is a well-recognized principle of criminal law that if there is any one count to support the verdict, it shall stand good, notwithstanding all the rest are bad. Claasen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966; Locke v. United States, 11 U. S. 339, 3 L. Ed. 364; Clifton v. United States, 45 U. S. 242, 11 L. Ed. 957; Evans v. United States, 153 U. S. 595, 14 Sup. Ct. 934, 38 L. Ed. 830; Goode v. United States, 159 U. S. 669, 16 Sup. Ct. 136, 40 L. Ed. 297; Greene v. United States, 154 Fed. 401, 85 C. C. A. 251. In the case at bar, the most that can be urged is that the same offense in each indictment is charged in more than one count. Each count, however, is properly drawn, and the crime charged established to the satisfaction of the jury by competent evidence, and it cannot be denied but that the evidence in support of the single concession was competent proof to establish the allegations set forth in each count in the indictment. The defendant is not in any wise prejudiced by the general verdict of guilty on each indictment if the penalty for only one offense be imposed. The decision of the Circuit Court of Appeals in the case of Standard Oil Company v. United States, 164 Fed. 376, 90 C. C. A. 364, is not in conflict with

this view, as it was there held, in effect, that a settlement could only be considered as one concession without regard to the number of "train loads, car loads, or pounds." There is no intimation that the manner of pleading adopted by the government in the case at bar is improper.

The view of the court upon other questions of law which are now urged as reasons for a new trial is fully set forth in the charge, and entirely unnecessary to repeat.

The motion is therefore overruled.