## DYSART v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 8, 1927.)

No. 4859.

1. **Criminal law** ⊙⟞1090(1)—**Errors referred to in brief may not be considered, in absence of properly authenticated bill of exceptions.**

Circuit Court of Appeals is powerless to consider errors referred to in brief, in absence of properly authenticated bill of exceptions.

17 F.(2d)—49

2. **Post office** ⊙⟞48(4½)—**Indictment charging scheme to induce buying land in Mexico by false statements and mailing letters in furtherance thereof held good on general demurrer.**

Indictment for unlawful use of mails in furtherance of a scheme to defraud, although inartificially drawn, diffuse, and redundant, charging scheme to induce certain persons to buy land in Mexico for more than its value by means of false statements, and also charging mailing letters in furtherance of scheme, *held* good as against general demurrer.

In Error to the District Court of the United States for the Western District of Texas.

John Carlton Dysart was convicted of the unlawful use of the mails in furtherance of a scheme to defraud, and he brings error. Affirmed.

John Carlton Dysart, in pro. per.

Jno. D. Hartman, U. S. Atty., of San Antonio, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. [1] Plaintiff in error was convicted on five counts of an indictment charging the unlawful use of the mails in furtherance of a scheme to defraud, on which the court imposed a single sentence of two years. Some 24 errors are assigned, but unfortunately the record does not contain a bill of exceptions, and, while effort has been made to show some of the facts relied on to reverse the judgment, by affidavit and reference to same in the brief, in the absence of a properly authenticated bill of exceptions, we are powerless to consider them. Claassen v. U. S., 142 U. S. 140, 12 S. Ct. 169, 35 L. Ed. 966.

[2] The only assignment properly before us is that running to the overruling of a general demurrer to the indictment. The indictment is inartificially drawn, and is diffuse and redundant; but, stripped of unnecessary verbiage, it charges a scheme to induce certain persons and the public generally to buy land in Mexico from plaintiff in error for more than its value, by means of falsely stating that said land was fertile, easily and cheaply irrigated, and would bear abundant crops, while in truth the land was dry and arid, only very scanty crops could be raised on it, and the cost of irrigation was practically prohibitive. Of course, the indictment also charges the mailing of various letters in furtherance of the scheme. The indictment was good on general demurrer.

We find no error in the record.

Affirmed.