**BARRY v. UNITED STATES.**

No. 5127.

Circuit Court of Appeals, Third Circuit.

June 2, 1933.

Harry Grossman, of Elizabeth, N. J., for appellant.

Harlan Besson, U. S. Atty., of Hoboken, N. J., and Walter B. Petry, Asst. U. S. Atty., of Trenton, N. J.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

Edward Barry was indicted, tried and convicted on two counts: One for transportation and the other for possession of liquor in violation of the National Prohibition Act, 41 Stat. 305 (27 USCA § 1 et seq.). The indictment did not charge, nor did the evidence prove prior convictions of like offenses. After verdict he was sentenced to imprisonment for three months in a county jail. The sentence did not carry a fine.

On the defendant's appeal, the assignments, as usual in such cases, charge error to

the court for not suppressing certain evidence because of unlawful search and seizure and for denying his motion for a directed verdict. In these we find nothing substantial.

The last assignment, however, is to the effect that the sentence is illegal because contrary to law. The government answers that the error, if any, is not reviewable, since the assignment is not supported by an exception.

The jury found a general verdict of "guilty," meaning guilty under both the transportation and possession counts, and the court, without reference to either count, imposed a general sentence of imprisonment which was within the penalty for the offense of transportation and outside the penalty for the offense of possession. This on its face was plain error. The only question is, what shall we do with it?

We could, if we chose, ignore the assignment because not supported by an exception and allow the sentence to stand, but we are loath to permit a man to be sent to jail on a sentence which is even superficially illegal without according him a review. True, his attorney should have excepted and thereby enabled the trial court to correct what was, in the press of the day's work, a slip on its part. That was the attorney's duty. We are concerned with our duty which at times moves us, within the spirit of rule 11, to notice and review a plain error even though not validly assigned.

The penalty for a first conviction for illegal transportation of liquor is imprisonment not to exceed five years or a fine not to exceed $10,000, or both; the penalty for a first conviction for illegal possession is fine without imprisonment. Title 27 ,USCA §§ 46, 91. We have here a sentence of imprisonment for three months and no fine. In so far as the sentence of imprisonment relates to conviction under the count for illegal possession, it is of course invalid because it exceeds the penalty provided therefor. But, in so far as it relates to conviction under the count for illegal transportation, it is valid because well within the penalty. The defendant says, in consequence, the whole judgment of sentence should be reversed, or at least the case should be remanded in order that he may be re-sentenced, citing Husty v. United States, 282 U. S. 703, 51 S. Ct. 240, 75 L. Ed. 629, 74 A. L. R. 1407. That case, we think, is taken out of the general rule by the peculiar confusion in the sentences there under review. The rule is that when a general sentence, imposed upon conviction under several counts, did not exceed that which might lawfully have been imposed under a single count, the sentence is good and the judgment upon the verdict must be affirmed if the evidence is sufficient to sustain that count. Claassen v. United States, 142 U. S. 140, 146, 147, 12 S. Ct. 169, 35 L. Ed. 966; Evans v. United States, 153 U. S. 608, 609, 14 S. Ct. 939, 38 L. Ed. 839; Debs v. United States, 249 U. S. 211, 216, 39 .S. Ct. 252, 63 L. Ed. 566; Abrams v. United States, 250 U. S. 616, 619, 40 S. Ct. 17, 63 L. Ed. 1173. The rule thus insures the defendant a review of the evidence to determine its sufficiency. Having done this, we find, first, that, although much the same evidence was introduced to prove both offenses, there is nothing in the record to suggest that the verdict of guilty under the transportation count was in any way induced by the introduction of evidence on the possession count, United States v. Trenton Potteries Co., 273 U. S. 392, 401, 402, 47 S. Ct. 377, 71 L. Ed. 700, 50 A. L. R. 989, and, second, that the evidence is sufficient to sustain conviction under the transportation count. That being enough to validate the sentence under that count, the judgment is affirmed.