**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RONALD TAYLOR,
*Petitioner-Appellant*,

v.

JEFFREY BEARD,* Secretary of the
California Department of
Corrections and Rehabilitation,
*Respondent-Appellee*.

No. 11-55247

D.C. No.
2:09-cv-05267-
ODW-OP

OPINION

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted En Banc
September 10, 2015—San Francisco, California

Filed January 21, 2016

Before: Sidney R. Thomas, Chief Judge and Diarmuid F.
O'Scannlain, Barry G. Silverman, M. Margaret McKeown,
William A. Fletcher, Ronald M. Gould, Richard C.
Tallman, Richard R. Clifton, Jay S. Bybee, Morgan
Christen and John B. Owens, Circuit Judges.

Opinion by Judge Clifton

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Jeffrey Beard is substituted for his predecessor, Matthew Cate, as Secretary of the Department of Corrections and Rehabilitation

## SUMMARY[**]

### Habeas Corpus

The en banc court affirmed the district court's denial of California state prisoner Ronald Taylor's habeas corpus petition seeking to set aside his felony murder conviction predicated on attempted robbery, in a case in which the trial court originally sentenced Taylor to life without parole based on a special-circumstance finding that he was the shooter, but resentenced him to a reduced term, as an aider and abettor, based on a subsequent determination that he was not the shooter.

Taylor argued that the conviction should be set aside because the jury's finding that he was the shooter meant that it had not found him guilty on a theory of aiding and abetting.

Reviewing de novo, the en banc court rejected Taylor's claim that his constitutional right to a jury trial was violated. The en banc court observed that the prosecutor argued and the jury considered evidence supporting a finding that Taylor was guilty of felony murder under an aiding-and-abetting theory as well as under the theory that he was the shooter, and that the jury was not required to unanimously choose a particular theory. The en banc court explained that although the jury incorrectly determined Taylor's identity when considering the special circumstances, those findings do not prove it rejected the valid aiding-and-abetting theory when considering Taylor's guilt for felony murder.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The en banc court added that Taylor has never established his innocence as to the aiding-and-abetting theory, which is unsurprising given the strength of the evidence against him. The en banc court wrote that even if a petitioner may be entitled to habeas relief based on a freestanding claim of actual innocence, an open question, Taylor would not be able to vacate his felony murder conviction because at best he has established that the jury relied on an incorrect theory, not that he was factually innocent of the crime.

## COUNSEL

Kurt David Hermansen (argued), San Diego, California, for Petitioner-Appellant.

Kamala D. Harris, Attorney General of California, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Eric E. Reynolds (argued), Deputy Attorney General, Los Angeles, California, for Respondent-Appellee.

## OPINION

CLIFTON, Circuit Judge:

In 1987, two men entered Lewis Lim's fast food restaurant, and one of them shot Lim dead. A jury found that Ronald Taylor was the shooter. Taylor was convicted and sentenced to life without parole for felony murder predicated on attempted robbery. After the trial, Taylor told the State that his cousin was the shooter but admitted that he was the second person — that he had traveled to and from the restaurant with his cousin and had been present at the killing. The State came to be persuaded that Taylor was not the shooter. Though its subsequent attempt to prosecute the person identified by Taylor as the actual shooter was unsuccessful, the State still supported an effort to have Taylor's sentence reduced to the shorter term that would apply to him if convicted as an aider and abettor and not as the actual shooter. That effort was ultimately successful, and Taylor was resentenced to a term of imprisonment with the possibility of parole.

Taylor objected, however, contending that his conviction should be entirely set aside. He argued that the jury's finding that he was the shooter meant that it had not found him guilty of felony murder on a theory of aiding and abetting as the person who accompanied the shooter. A finding of guilt on that aiding and abetting theory would have required an additional finding of specific intent, not required to find him guilty as the actual shooter. That claim was not addressed by the state courts, so Taylor petitioned the federal court for a writ of habeas corpus, under 28 U.S.C. § 2254, arguing that the State may not continue to hold him on the basis that he aided and abetted felony murder when the jury did not find

the facts necessary for the aiding and abetting theory. The district court denied the petition, and Taylor appeals.

We affirm the district court's denial of Taylor's petition. Taylor had a fair trial. The jury verdict was valid, and the subsequent determination that Taylor was the second man, not the actual shooter, does not require that his conviction be set aside.

## I.  Background

The following facts emerged at trial and are undisputed. On November 19, 1987, petitioner Ronald Taylor and another man stole a car with the intent to use it to commit a robbery. At around 3:10 p.m. that day, the two men drove the stolen car to a Pioneer Chicken restaurant in Sunland, California. The first man entered the restaurant and requested the key to the lavatory from Rajinder Kaur, the attendant behind the counter. Kaur gave him the key and the man went out of the restaurant to the lavatory, which was entered from the outside. The man kept the lavatory door ajar and watched until two customers drove off. The second man remained outside, sitting either in the car or on its hood, able to see the lavatory.

The first man then reentered the restaurant, walked behind the counter into the kitchen area, and gave the key back to Kaur with his left hand while pulling a gun from his pocket with his right. The second man had by then also entered the restaurant and was sitting in the dining area near the restaurant cook, who was eating lunch. The owner of the restaurant, Lewis Lim, caught the attention of the gunman. While the gunman was distracted by Lim, Kaur went through the kitchen door to the dining area to summon help. The first

man ("shooter") then punched Lim and shot him through the head. As Kaur tried to leave, the second man ("lookout") struck her on the back and threw her to the floor. The two men fled in the stolen car in which they had arrived. The car was later found wiped down with brake fluid to remove fingerprints, but Taylor's palm print was recovered.

Taylor was arrested and charged with murdering Lim in violation of California Penal Code § 187(a). The State also alleged three special circumstances which, if found true, would increase the sentence Taylor faced upon conviction. First, it alleged that Taylor committed the murder while in the attempted commission of a robbery in violation of Penal Code § 190.2(a)(17).[1] Second, the State alleged that Taylor personally used a firearm during the crime. Third, the State alleged that a principal was armed with a firearm during the offense.

There was a dispute at trial whether Taylor, if he was present at all, was the shooter or the lookout. The prosecutor argued that both men, shooter and lookout, were guilty of felony murder. Because Lim was killed during the course of the robbery, the lookout could be found guilty of felony murder under an aiding and abetting theory for attempting to rob the Pioneer Chicken, and the jury was so instructed. But, as the prosecutor acknowledged at the time, the jury could not properly find the § 190.2(a)(17) special circumstance "true" as to Taylor on an aiding and abetting theory.

---

[1] That section provides, in relevant part: "The murder was committed while the defendant was engaged in, or was an accomplice in, the commission of, attempted commission of, or the immediate flight after committing, or attempting to commit, the following felonies: (A) Robbery in violation of Section 211 or 212.5."

Under California law, someone found guilty as "an actual killer" does not need to "have had any intent to kill at the time of the commission of the offense" for the special circumstance to be found true, but someone who aided and abetted the murder is subject to the special circumstance only if it is found that he acted with "the intent to kill." Cal. Penal Code § 190.2(b)–(c). The prosecutor conceded that he had not proven that the lookout had the intent to kill Lim, so he told the jury that it could not convict Taylor of the special circumstance if it found Taylor was the lookout. This made a difference for Taylor's sentence. Taylor would only be eligible for life without parole or the death penalty if the jury found the special circumstance true. Cal. Penal Code § 190.2(a). Otherwise, Taylor would be subject to the lesser term of 25 years to life with the possibility of parole. Cal. Penal Code § 190(a).

At trial Taylor could not deny, in light of his palm print, that he had helped wipe down the stolen getaway car, but he otherwise tried to minimize his involvement. His attorney argued that he wasn't "necessarily . . . even there at the time of the robbery." If he was there, the attorney argued, he had no idea that the shooter planned to commit a robbery. Or, the attorney argued to the jury, the shooter might simply have wanted to execute Lim, not commit a robbery. If the jury believed this last theory, then even if it found that Taylor was the shooter, it could not convict Taylor of the first special circumstance, robbery murder.

In the face of the evidence against him, Taylor's defense amounted to a high-risk gamble. Taylor lost. The jury found him guilty of first degree felony murder, attempted robbery, and the unlawful taking of a vehicle, and found true the allegations that the murder was committed while Taylor was

engaged in an attempted robbery and that Taylor personally was armed with and used a firearm.

After the verdict was rendered but before sentence was imposed, Taylor told his lawyer that he was present during the robbery but that someone else was the shooter. Taylor filed a motion for a new trial or, in the alternative, sought to strike the findings that he was the shooter and that he had personally used a firearm. The trial court denied that motion, and he was sentenced to life without parole. The verdict was upheld on appeal, and the California Supreme Court denied Taylor's petition for review.

Seven years later, hoping that "somehow [he wouldn't] die in prison," Taylor tried again to convince the State that he had not been the actual killer, identifying his cousin, Hugh Hayes, Jr., as the shooter. The Los Angeles Police Department and Los Angeles County District Attorney's Office concluded that Taylor's assertion was true, and the district attorney's office filed an information charging Hayes with murder. Taylor testified at Hayes's preliminary hearing that he and Hayes stole the car and drove around with a loaded gun looking for a place to rob, and that he had been with Hayes at the Pioneer Chicken during the attempted robbery. In 1999, Hayes was tried for the murder but was acquitted.

Despite the failure to convict Hayes as the shooter, the district attorney wrote to the California Board of Prison Terms requesting that Taylor's case be returned to the trial court for resentencing, given the new evidence that Taylor was not the shooter. The board denied the request.

Taylor continued to challenge his conviction and sentence in state court. In May 2005, while the California Supreme Court was considering a habeas petition filed by Taylor pro se, the district attorney again wrote to the California Department of Corrections and the California Board of Prison Terms to request that they recommend that the trial court recall Taylor's sentence and resentence him. The district attorney repeated that new evidence showed that Hayes, not Taylor, was the shooter. The California Supreme Court then instructed the California Attorney General to submit an informal response to Taylor's petition that addressed the district attorney's requests.

In its informal response, the State suggested that the California Supreme Court issue an order to show cause to the State regarding Taylor's claim that he was not the shooter.[2] This would allow the State to file a statement of non-opposition to Taylor's claim. The State added, however, that even if Taylor was not the shooter, he was an aider and abettor, and urged that he was therefore properly convicted of the underlying crime of felony murder. The State suggested that the trial court strike the "special-circumstance" and firearm-use findings and resentence Taylor as an aider and abettor. In March 2006, the California Supreme Court issued an order requiring the State to show cause to the trial court why Taylor was "not factually innocent of the special circumstance and the firearm-use allegation, and why he should not be resentenced."

---

[2] We affirmatively commend the Los Angeles district attorney and the State for their support of Taylor's resentencing. But for their efforts, it seems likely that Taylor would still be subject to a sentence of life without parole.

In its response to the order filed in the trial court, the State conceded that the "special-circumstance" and firearm-use findings were incorrect. The State again argued, however, that Taylor was properly convicted of felony murder because the jury could have found that, as the second man, he aided and abetted the attempted robbery. The State urged that the trial court strike the special findings and resentence Taylor as an aider and abettor. Taylor objected to his resentencing on the basis that vacating the special circumstance and firearm use findings also vacated his felony murder conviction and that the resentencing violated due process and his right to a jury trial.

The trial court declined to consider the merits of Taylor's argument on the procedural ground that the California Supreme Court order to show cause only directed inquiry into the special circumstance and firearm findings and did not permit Taylor to contest the felony murder conviction itself. Taylor was resentenced by the trial court to a term of 25 years to life as an aider and abettor, plus an additional six years because of his felony record and prior prison time. He was given credit for the time that he had already served and for days already earned for good time and work time.

Taylor appealed, and the California Court of Appeal affirmed the trial court's decision for the same procedural reason: that considering the conviction itself was beyond the authority granted by the order to show cause issued by the California Supreme Court. Taylor petitioned to the California Supreme Court for review of this decision, but the petition was summarily denied.

In 2008, after the resentencing and the unsuccessful appeal, Taylor filed another habeas corpus petition with the

California Supreme Court. Taylor argued that the jury had already found that he was not the aider and abettor in Lim's murder because it had determined that he was the shooter, so he could not be sentenced for murder as an aider and abettor under the Sixth Amendment. The petition was summarily denied.

Taylor then filed in federal district court a substantively identical petition for relief under 28 U.S.C. § 2254. The petition was referred to a magistrate judge for report and recommendation. The magistrate judge concluded that the applicable standard was set by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d)(1), whereby habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." The judge concluded that the state court decision was not unreasonable under that standard and recommended that the petition be denied. The district court adopted the report and recommendation and denied Taylor's petition. It also denied a certificate of appealability. Taylor sought a certificate from this court, and we issued a certificate of appealability as to "whether resentencing appellant as an aider and abettor violated appellant's due process and jury trial rights."

Taylor filed his appeal, and a divided three-judge panel of this court reversed, holding that Taylor's right to jury trial had been violated and that the State could not continue to hold him in prison on the theory that he aided and abetted a robbery when the jury did not make the findings necessary to convict him of aiding and abetting. It remanded the case to the district court with instructions to grant the writ. *Taylor v. Cate*, 772 F.3d 842 (9th Cir. 2014). A majority of the

nonrecused active judges on our court subsequently voted to rehear the case en banc. *Taylor v. Cate*, 787 F.3d 1241 (9th Cir. 2015).

## II.    Discussion

We review the decision of the district court de novo. *Gonzalez v. Knowles*, 515 F.3d 1006, 1011 (9th Cir. 2008). Unlike the district court, however, we do not apply the deferential standard of review that pertains to state court decisions on the merits under AEDPA, 28 U.S.C. § 2254(d).[3] Our review of Taylor's claim is de novo.

The crux of Taylor's claim is that his constitutional right to a jury trial was violated. The trial court vacated the special circumstance findings that Taylor was the shooter and had personally used a firearm. According to Taylor, that required that his felony murder conviction be vacated. If he was not the shooter, the felony murder conviction could only rest on an aiding and abetting theory. California law requires that to hold a defendant guilty under an aiding and abetting theory, the jury must find that the defendant acted with the intent to commit or facilitate the crime. *See People v. Beeman*, 674 P.2d 1318, 1326 (Cal. 1984) (in bank) (listing elements of aiding and abetting liability). The jury in Taylor's trial was

---

[3] The State has acknowledged on appeal that the district court erred in applying the deferential AEDPA standard of review. That standard only applies to claims that have been "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). The State has not argued that any California court adjudicated the merits of Taylor's constitutional claim that the jury did not make the findings necessary to support the conviction for felony murder as an aider and abettor for which he was resentenced. We accordingly apply de novo review. *See James v. Ryan*, 733 F.3d 911, 914–16 (9th Cir. 2013).

so instructed, having been given California Jury Instruction Criminal 3.01 (listing elements of aiding and abetting). Though the jury was correctly instructed, it did not need to make that finding, which was necessary for a guilty verdict on an aiding and abetting theory, because it found that Taylor was the shooter and rejected the alternative possibility that he was the lookout. Therefore, argues Taylor, his conviction was not based upon a jury determination.

The Fifth Amendment "guarantees that no one will be deprived of liberty without 'due process of law'; and the Sixth, that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury.'" *United States v. Gaudin*, 515 U.S. 506, 509–10 (1995). The Supreme Court has held "that these provisions require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *Id.* at 510. Although Taylor alleges that his resentencing violated his rights under these provisions, we conclude that there was no constitutional error.

Taylor's resentencing was based upon his 1989 conviction for felony murder. Taylor does not allege that his constitutional rights were violated at the jury trial that resulted in that conviction. His conviction for felony murder rested on the jury's findings that (1) he had the specific intent to commit robbery and (2) a person was killed during the attempt or commission of that robbery. *See People v. Friend*, 211 P.3d 520, 556 (Cal. 2009). Accordingly, Taylor's felony murder conviction did in fact rest upon a jury determination that Taylor was guilty of every element of the crime of felony murder. The jury was given adequate evidence to find beyond a reasonable doubt that (1) Taylor was present at the

attempted robbery, (2) both the shooter and the lookout had the intent to commit robbery, and (3) that Lim was killed during the attempted robbery. Taylor does not argue that there was insufficient evidence to support those findings, or that the verdict was unfairly obtained by way of prosecutorial misconduct or any other violation of due process. He therefore has not established that his Sixth Amendment or due process rights were violated at his trial.

Despite his fair trial, Taylor argues that the vacating of the special circumstance findings vitiated his conviction because the jury factually did not convict him of felony murder based upon the lookout theory. Taylor derives support for his argument from the prosecutor's admission at trial that if the jury found he was the lookout, it could not convict him for the special circumstance of robbery murder because the prosecution did not prove that the lookout had the intent to kill, a necessary element for the special circumstance to apply. In Taylor's view, because the jury could not convict him as the lookout for the special circumstance, it likewise had to reject that theory when determining his culpability for felony murder.

We disagree with Taylor's characterization of the jury's findings. At trial the prosecutor argued and the jury considered evidence supporting a finding that Taylor was guilty of felony murder under an aiding and abetting theory as well as under the theory that he was the shooter. The jury was not required to unanimously choose a particular theory. *See Schad v. Arizona*, 501 U.S. 624, 631–32 (1991) (plurality opinion) (jurors can validly rely on different theories in order to return a guilty verdict); *cf. Bradshaw v. Stumpf*, 545 U.S. 175, 184–85 (2005) (defendant's admission that he was not the shooter of the victim did not justify withdrawal of his

guilty plea for aggravated murder because he could be liable as an aider and abettor). Thus, the jury was not forced to determine Taylor's identity as either shooter or lookout until it considered the special circumstances.[4] Although the jury incorrectly determined Taylor's identity when considering the special circumstances, those findings do not prove it rejected the valid lookout theory when considering Taylor's guilt for felony murder.[5]

---

[4] Taylor argues that the jury did not in fact consider holding him guilty under an aiding and abetting theory because of Jury Instruction No. 2.11.5, which states as follows:

> There has been evidence in this case indicating that a person other than defendant was or may have been involved in the crime for which the defendant is on trial. Do not discuss or give any consideration to why the other person is not being prosecuted in this trial or whether he has been or will be prosecuted.

We are not persuaded by this argument. The instruction only asked the jury to disregard two things: 1) why the other man was not a defendant in the trial and 2) whether the other man would be prosecuted. The instruction did not tell the jury that it could not consider if the second man, whether lookout or shooter, was likewise guilty. On the contrary, the instruction validly allowed the jury to determine if both the shooter and the lookout were guilty because, in order to evaluate whether the lookout was guilty of felony murder under the aiding and abetting theory, the jury had to determine if the shooter killed Lim in the course of committing a robbery. Accordingly, this instruction in no way limited the jury from considering both theories of felony murder and concluding that Taylor would be guilty under either one.

[5] Shortly after Taylor's conviction, he filed a motion for a new trial or, in the alternative, for the court to strike the special circumstance findings. The California Supreme Court's order in effect gave Taylor the relief he requested in his new trial motion, albeit years later. Taylor's assertion that his resentencing was unfair based upon the striking of the special

Taylor has never established his innocence as to the lookout theory, which is unsurprising given the strength of the evidence against him. To convict him of felony murder as an aider and abettor, the jury had to find that Taylor (1) had "knowledge of the unlawful purpose" of the robber, (2) intended to commit, encourage, or facilitate the commission of the robbery, and (3) "by act or advice aid[ed], promote[d], encourage[d] or instigate[d]" the commission of the robbery. *Beeman*, 674 P.2d at 1326. Unlike the aiding and abetting theory for the special circumstance murder finding, which required a finding of the intent to *kill*, the prosecutor only needed to prove that Taylor had intent to *rob* in order to convict him as an aider and abettor to felony murder. *See Friend*, 211 P.3d at 574; *People v. Sanders*, 797 P.2d 561, 586–87 (Cal. 1990). The evidence presented to the jury indicated that Taylor assisted the shooter in stealing a car prior to the robbery, sat in the restaurant as a lookout, and intentionally struck Kaur on the back and threw her to the floor as she ran out of the kitchen to call for help. Taylor's palm print on the car indicated he later helped to wipe down the getaway car in an attempt to remove evidence. Those acts demonstrated that Taylor was not some innocent bystander. Rather, he had the intent to commit — and was an active participant in — the attempted robbery. It is hard to imagine how the jury could have concluded otherwise.

The evidence Taylor submitted after his trial did nothing to establish his innocence. Instead, it confirmed his guilt. Taylor admitted that he and the shooter intended to rob a fast food restaurant that day and stole a car for that purpose. He also admitted that they had robbed five or six restaurants in

---

circumstance findings rings hollow in light of the fact that he himself originally requested such relief.

the previous month. The sentencing judge therefore had no reason to assume the jury had affirmatively rejected the lookout theory as invalid in convicting Taylor for felony murder or that Taylor was innocent of the crime of felony murder.

Accordingly, Taylor fails to establish any error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The sentencing judge did not find facts that "expose[d] the defendant to a greater punishment than that authorized by the jury's guilty verdict." *Id*. at 494. We see no constitutional unfairness in the sentencing judge's reliance on a conviction that had been fully and fairly litigated before a jury.

Taylor attempts to rely on *Griffin v. United States*, 502 U.S. 46 (1991), to establish a due process violation based on the special circumstance findings, but that case does not support Taylor's argument. In *Griffin*, the Supreme Court declined to vacate a conviction when the prosecution presented two theories for the jury to consider in returning a verdict, one of which was not supported by sufficient evidence. *Id*. at 47–48, 60. The Court determined that there was no constitutional error, citing with approval the traditional common-law rule that juries may be presumed to reach verdicts on valid factual theories "in the absence of anything in the record to show the contrary." *Id*. at 49–50 (quoting *Claassen v. United States*, 142 U.S. 140, 146–47 (1891)). Taylor points to the above quoted language, contending that the special circumstance findings demonstrated that his constitutional rights were violated because it proved the jury relied solely upon the factually incorrect theory. As explained above, however, the vacating of the special circumstance findings did not prove that the jury solely relied on the shooter theory, especially when there

was more than sufficient evidence to find Taylor guilty on the lookout theory.

Even if we accepted Taylor's argument that the jury relied solely on the theory that he was the shooter, his claim would still be unpersuasive. Taylor's contention that the jury wrongly convicted him of felony murder by accepting the factually incorrect shooter theory amounts to nothing more than a freestanding actual innocence claim. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). He does not argue that there was insufficient evidence in order to convict him on the shooter theory, that there was any other mistake committed by the trial court, or that there was an abuse of prosecutorial power that resulted in the jury's finding. In other words, he fails to tie the jury's mistake of adopting the shooter theory to a constitutional violation. It is still an open question as to whether a petitioner "may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). Even assuming that such a claim exists, it is doubtful that Taylor's new evidence would have entitled him to relief because "the threshold showing for such an assumed right would necessarily be extraordinarily high." *Herrera*, 506 U.S. at 417. Moreover, although Taylor produced evidence that he was not the shooter, he did not produce evidence proving that he was not the lookout. Accordingly, Taylor would not have been able to vacate his felony murder conviction because at best he has established that the jury relied on an incorrect theory, not that he was factually innocent of the crime.

The Supreme Court has held that "in state criminal proceedings the trial is the paramount event for determining the guilt or innocence of the defendant." *Id*. at 416. Because Taylor received a fair trial, he comes before this court not

innocent but guilty "in the eyes of the law." *Id*. at 399–400. He did not prove his factual innocence of felony murder. The sentencing judge did not err by resentencing him based upon that felony murder conviction, and he has not been incarcerated by the State in violation of his constitutional rights.

In sum, this case does not represent the kind of "extreme malfunction[] in [a] state criminal justice system[]" that may justify granting habeas relief. *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). There is no malfunction of any kind, let alone an extreme one, when a State voluntarily moves to resentence a prisoner in response to that prisoner's belated confession. In the eyes of the law, he is presumed legally guilty, not innocent, because he was convicted of felony murder after a fair trial. Taylor's evidence showing that he was not the shooter did not establish his innocence as to felony murder on the aiding and abetting theory, so he is not entitled to habeas relief regarding his conviction for felony murder.[6]

---

[6] Even if Taylor had established constitutional error, such error would be subject to harmless error review. *See Arizona v. Fulminante*, 499 U.S. 279, 306–07 (1991). Only a "very limited" number of constitutional errors are deemed "structural" and require automatic reversal. *Johnson v. United States*, 520 U.S. 461, 468 (1997). The error alleged by Taylor in this case is not one of them.

Any alleged error committed by the sentencing judge stemmed from the argument that the jury was presented with and allegedly relied upon a factually false theory of liability. We have held that it is not structural error for a prosecutor to *knowingly* put false evidence before a jury. *Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005) (en banc). There is no reason why a prosecutor's inadvertent submission of a false factual theory should be treated differently. Our conclusion is also supported by the

## III.    Conclusion

Although the district court erred by applying AEDPA's deferential standard in 28 U.S.C. § 2254(d), we reach the same result as the district court because Taylor has not established that his constitutional rights have been violated. We therefore affirm the judgment of the district court denying Taylor's petition for a writ of habeas corpus.

**AFFIRMED.**

---

Supreme Court's analysis in *Hedgpeth v. Pulido*, 555 U.S. 57, 58, 61 (2008) (per curiam), where the court concluded that the submission of an invalid legal theory in addition to a valid theory was subject to harmlessness review. All that separates this case from *Pulido* is that one of the theories here was wrong as a matter of fact, not of law, and we see no principled reason why *Pulido*'s analysis would not apply equally to this case.