**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| STEVEN CRAIG JAMES, *Petitioner-Appellant*, | No. 08-99016 |
| v. | D.C. No. 2:00-CV-01118-NVW |
| CHARLES L. RYAN, *Respondent-Appellee*. | OPINION ON REMAND |

On Remand from the United States Supreme Court

Filed October 25, 2013

Before: William A. Fletcher, Marsha S. Berzon,
and Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge W. Fletcher

# SUMMARY[*]

## Habeas Corpus / Death Penalty

On remand from the United States Supreme Court, the panel affirmed in part and reversed in part the district court's denial of a 28 U.S.C. § 2254 habeas corpus petition based on ineffective assistance of counsel at the penalty phase.

The panel originally held that when Arizona law prohibited petitioner from raising on direct appeal a claim of ineffective assistance of counsel that relied on extra-record evidence, and petitioner raised the claim in his first state petition for post-conviction relief (PCR), the claim was not procedurally defaulted. The panel explained that petitioner could not be charged with having waived in his second PCR a claim that he had raised in the first PCR that was resolved against him on procedural grounds. Accordingly, the third PCR court erroneously found the ineffective assistance claim procedurally barred.

The Supreme Court granted certiorari, then remanded for consideration of whether *Johnson v. Williams*, 133 S. Ct. 1088 (2013), compels a different result. The panel held that it does not. The panel explained that, although *Williams* instructs federal courts to give state courts the benefit of the doubt when the basis for their holdings is unclear, *Williams* does not require federal courts to ignore a state court's explicit explanation of its own decision relying solely on state procedural grounds to deny the claim.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Gary T. Lowenthal (argued), Santa Fe, New Mexico; Thomas James Phalen, Phoenix, Arizona, for Petitioner-Appellant.

Kent Ernest Cattani (argued), Chief Counsel, Arizona Attorney General's Office, Phoenix, Arizona; Amy Pignatella Cain and Lacey Stover Gard, Office of the Arizona Attorney General's Office, Tucson, Arizona, for Respondent-Appellee.

**OPINION**

W. FLETCHER, Circuit Judge:

In *James v. Ryan* (*James II*), 679 F.3d 780 (9th Cir. 2012), we granted Steven James habeas corpus relief from his death sentence, holding that his trial counsel had provided ineffective assistance at the penalty phase. The United States Supreme Court vacated that decision and remanded for us to consider whether *Johnson v. Williams*, 133 S. Ct. 1088 (2013), compels a different result. *Ryan v. James*, 133 S. Ct. 1579 (2013). We conclude that it does not.

## I. Background

### A. State Proceedings

An Arizona jury convicted James of first-degree murder and kidnapping for the 1981 killing of Juan Maya. *James II*, 679 F.3d at 786. *James II* contains a thorough recitation of the facts and procedural history. *Id.* at 785–801. We provide only a brief summary here. James, Lawrence Libberton, and Martin Norton "severely beat Maya, drove him to an isolated

desert area, killed him by shooting him and striking him with rocks, and threw his body down an abandoned mine shaft." *Id.* at 785. Finding that the murder was "'especially heinous, cruel, or depraved,'" the trial court sentenced James to death. *Id.* at 798–99. The Arizona Supreme Court affirmed. *Id.* at 799.

In his first state petition for Postconviction Relief ("PCR"), James argued that his trial attorney provided ineffective assistance of counsel ("IAC") at the penalty phase "by failing adequately to investigate and present" mitigation evidence. *Id*. The Maricopa County Superior Court dismissed the claim, holding that James had been required under Arizona law to raise his penalty-phase IAC claim on direct appeal. Because he had not done so, his IAC claim was procedurally barred. *Id.* The Arizona Supreme Court denied review. *Id.*

In his second state PCR petition, James alleged IAC by his trial, appellate, and first PCR counsel. The Maricopa County Superior Court held that it was "'precluded from granting relief'" because James had sought to raise his penalty-phase IAC claim in his first PCR proceeding, and that claim had been held precluded in that earlier proceeding. *Id.* The Arizona Supreme Court denied review. *Id.*

In his third state PCR petition, James raised a number of claims, including his penalty-phase IAC claim. He also raised several guilt-phase claims, including (1) that the State failed to disclose an oral plea agreement with Norton, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), and (2) that the State failed to correct Norton's false testimony denying the existence of the plea agreement, in violation of *Napue v.*

*Illinois*, 360 U.S. 264 (1959). *James II*, 679 F.3d at 786, 800. The Maricopa County Superior Court denied James's *Brady*/*Giglio* and *Napue* claims on their merits. *Id.* As the first and second PCR courts had done, the third PCR court held that James's IAC claim was procedurally barred because James could have raised it on direct appeal. *Id.* In the alternative, the court held that the claim was procedurally barred because James had "'waived any such [IAC] argument by failing to cite in his second petition specific errors of counsel.'" *Id.* at 800–01.

After addressing each of James's claims in detail, the third PCR court concluded its opinion with a paragraph stating, "'[a]s to the entire petition . . . there are no genuine or material issues of fact or law that are in dispute that would entitle [James] to an evidentiary hearing. No colorable claims have been made.'" *Id.* The Arizona Supreme Court denied review. *Id.*

## B. Federal Proceedings

In 2000, James filed in federal district court a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The court denied relief but granted a certificate of appealability on James's *Brady*/*Giglio*, *Napue*, and penalty-phase IAC claims. *Id.*

In *James v. Schriro* (*James I*), 659 F.3d 855 (9th Cir. 2011), *withdrawn and superseded by James II*, 679 F.3d 780, we affirmed the district court as to James's *Brady*/*Giglio* and *Napue* claims but reversed as to his penalty-phase IAC claim. *James I*, 659 F.3d at 860. Under the deferential standard of review required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), we

held that the third PCR court "did not unreasonably apply *Brady*, *Giglio*, or *Napue*" in rejecting James's claims. *James I*, 659 F.3d at 877–78.

We reviewed James's penalty-phase IAC claim de novo because we held that the third PCR court had not adjudicated the merits of the claim. *Id.* at 875–76. We first held that James's IAC claim was not procedurally defaulted because, "when James filed his first PCR, there was no firmly established [Arizona] rule requiring a defendant to raise on direct appeal an ineffective assistance of counsel claim that relied on extra-record evidence." *Id.* at 879. On the merits of the claim, we held that James's trial counsel had provided ineffective assistance at the penalty phase because he "failed to conduct even the most basic investigation of James's social history," "failed to investigate James's mental health," and "failed to investigate James's history of drug abuse." *Id.* at 880–81. The "powerful mitigating evidence" that an adequate investigation would have disclosed was sufficient for us to find "a reasonable probability that a sentencing court . . . would not have returned a death sentence" had James's trial counsel performed effectively. *Id.* at 892.

In a petition for rehearing before this court, the State argued for the first time that we should not have reviewed James's penalty-phase IAC claim de novo. *James II*, 679 F.3d at 802. The State argued that the third PCR court had, in the concluding paragraph of its opinion, provided an "alternative ruling on the merits" of James's IAC claim. According to the State, we were therefore required to decide that claim under AEDPA's highly deferential standard of review. *Id.* In *James II*, we withdrew and amended our opinion in *James I*, rejected the State's argument, and denied

the petitions for rehearing and for rehearing en banc. *Id.* at 785.

First, we held that the State had waived its argument that the third PCR court addressed the merits of James's claim by not raising it at any point in the litigation prior to its petition for rehearing. *Id.* at 802. Second, we held that the State's argument would fail even if it had not been waived. We held that the last paragraph of the third PCR court's opinion was not an indication that the court adjudicated the IAC claim on the merits. We wrote:

> [T]he third PCR court expressly stated that it denied James's ineffective assistance of counsel claim as procedurally barred. As a result, we need not presume that the brief paragraph at the end of its opinion somehow adjudicated the claim on the merits.

*Id.* at 803. On the merits of James's petition, we reached the same result as in *James I. See id.* at 805–19, 821.

The State petitioned for certiorari. The Supreme Court granted certiorari, vacated our decision, and remanded "for further consideration in light of *Johnson v. Williams*, [133 S. Ct. 1088 (2013)]." *Ryan v. James*, 133 S. Ct. 1579 (2013).

## II. Discussion

*Williams* is potentially relevant only as to our decision in *James II* to review James's IAC claim de novo rather than, as the State requests, under AEDPA's more deferential standard. To prevail in his argument that we should review his IAC

claim de novo, James must convince us that, under *Williams*, the third PCR court did not adjudicate that claim "on the merits." 28 U.S.C. § 2254(d).

When a federal habeas petitioner's claim has previously been "adjudicated on the merits" in state court, AEDPA limits our review of the state court decision. *James II*, 679 F.3d at 801. In such a case, we may not grant habeas relief

> unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d) imposes a standard that is 'difficult to meet.'" *James II*, 679 F.3d at 801 (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)). But it does not apply when a state court does not reach the merits of a federal claim. "Where a state court does not reach the merits of a federal claim, but instead relies on a procedural bar later held inadequate to foreclose federal habeas review, we review de novo." *Id.* at 802.

Therefore, the critical question is whether a state court's decision is an adjudication on the merits or a procedural ruling that precludes an adjudication on the merits. When we decided *James II*, the most recent Supreme Court opinion

addressing this question was *Harrington v. Richter*, 131 S. Ct. 770 (2011). In *Richter*, the state habeas petitioner had raised an IAC claim before the California Supreme Court. That court denied the claim in a "one-sentence summary order." *Id.* at 783. The U.S. Supreme Court held that this was an adjudication on the merits, notwithstanding the lack of explanation. *Id.* at 784–85. The Court held:

> When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary. . . . The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely.

*Id.* In *James II*, we held that the third PCR court's "express[] state[ment] that it denied James's ineffective assistance of counsel claim as procedurally barred" was sufficient to avoid the *Richter* presumption. 679 F.3d at 803.

After our decision in *James II*, the Supreme Court decided *Williams*. In *Williams*, the state habeas petitioner had argued that the trial court's decision to dismiss a juror for bias violated both the Sixth Amendment and California law. 133 S. Ct. at 1093. The California Court of Appeal denied the petition in an opinion that discussed the juror's dismissal under state law but "did not expressly acknowledge" Williams's Sixth Amendment claim. *Id.* The U.S. Supreme Court held that the Court of Appeal's decision was an adjudication on the merits of the federal claim despite its failure to mention it.

The Supreme Court characterized its decision as a straightforward application of the *Richter* presumption. It wrote, "Although *Richter* itself concerned a state-court order that did not address *any* of the defendant's claims, we see no reason why the *Richter* presumption should not also apply when a state-court opinion addresses some but not all of a defendant's claims." *Id.* at 1094. Therefore, "[w]hen a state court rejects a federal claim without expressly addressing that claim," there is, as in *Richter*, a rebuttable presumption "that the federal claim was adjudicated on the merits." *Id.* at 1096.

On remand of this case from the Supreme Court, the State argues that *Williams* requires us to find that the third PCR court adjudicated James's penalty-phase IAC claim on the merits. We disagree. *Richter* and *Williams* deal with cases where the state court denies relief on a federal claim without specifically addressing the claim. Under both *Richter* and *Williams*, the adjudicated-on-the-merits presumption arises when the state court is silent concerning the reasons for denying the federal claim. Here, unlike in *Richter* and *Williams*, the third PCR court addressed James's claims—including his penalty-phase IAC claim—in detail. It issued a 38-page opinion, examining each claim under a separate heading and explaining its reasons for denying each one. *James II*, 679 F.3d at 803. The third PCR court, like the two PCR courts that preceded it, "never discussed the merits of James's ineffective assistance of counsel claim. Instead, it relied solely on procedural grounds to deny the claim." *Id.*

The State does not dispute that the third PCR court dismissed James's IAC claim as procedurally barred. *Id.* at 802. Instead, it repeats the argument it made to us in its petition for rehearing after our decision in *James I*. It argues that the final paragraph of the third PCR court's opinion was

an "alternative" ruling on the merits of James's IAC claim. We rejected this argument in *James II*. Nothing in *Williams* changes our conclusion. In *James II*, we relied on *Richter*'s holding that the presumption applies "in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 803 (quoting *Richter*, 131 S. Ct. at 785) (emphasis and internal quotation marks omitted). *Williams*, rather than changing that rule, quoted it with approval. *Williams*, 133 S. Ct. at 1094. It is hard to think of a clearer "indication . . . to the contrary" than an express statement by the third PCR court that it denied James's IAC claim solely on the basis of "state-law procedural principles." *Id.* (internal quotation marks omitted).

If the State were correct that the last paragraph of the third PCR court's opinion was an alternative holding, *Williams* might require us to presume it was a holding on the merits. But, as we stated in *James II*, that paragraph was *not* an alternative holding. Rather, its plain language and context make clear that it "simply clarified that no evidentiary hearing was necessary" for James's claims. *James II*, 679 F.3d at 803. Contrary to the State's argument, that statement is perfectly consistent with the court's ruling that James's IAC claim was "precluded." As Arizona law recognizes, a claim that the court cannot procedurally entertain is no more suited for an evidentiary hearing than a claim the court has rejected on the merits. *See* Ariz. R. Crim. P. 32.6(c) (excluding "all claims that are procedurally precluded" from hearing).

*Williams* instructs us to give state courts the benefit of the doubt when the basis for their holdings is unclear. It does not require us to ignore a state court's explicit explanation of its own decision. We reaffirm our holding in *James II* that the

third PCR court did not adjudicate James's IAC claim on the merits.

Nothing in *Williams* affects the substance of our decision that James's counsel provided unconstitutionally ineffective assistance at the penalty phase of his trial. *James II*, 679 F.3d at 807–21. Nor does *Williams* affect our substantive decision that, under § 2254(d), the third PCR court reasonably rejected James's guilt-phase *Brady/Giglio* and *Napue* claims. *Id.* at 805–06. Therefore, James remains entitled to habeas relief from his death sentence, though not from his conviction.

## Conclusion

We conclude that *Williams* does not affect our decision in *James II*. We "affirm the district court with respect to James's guilt phase claims based on *Brady*, *Giglio*, and *Napue*. We reverse and remand with instructions to grant the writ with respect to the death sentence. We instruct the district court to grant the state a reasonable amount of time in which to resentence James. If the state chooses not to resentence, James's sentence will automatically be converted to life in prison in accordance with Arizona law." *James II*, 679 F.3d at 821.

**AFFIRMED in part; REVERSED and REMANDED in part.**