**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER WILLIAMS,

        Petitioner-Appellant,

v.

MARK NOOTH,

        Respondent-Appellee.

No.   15-35835

D.C. No. 2:13-cv-02283-JE

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Argued and Submitted November 10, 2016
Portland, Oregon

Before:  McKEOWN and W. FLETCHER, Circuit Judges, and DORSEY,[**]
District Judge.

In his federal habeas petition, Christopher Williams argues that his guilty

plea was not knowing and voluntary because he was incompetent to enter the plea.

He also argues that the state trial court's failure to raise his competency *sua sponte*

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jennifer A. Dorsey, United States District Judge for
the District of Nevada, sitting by designation.

violated his due process rights. The district court denied Williams's habeas petition but issued a certificate of appealability. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review *de novo* a district court's decision to grant or deny a petition for a writ of habeas corpus. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). However, "[f]actual findings and credibility determinations made by the district court in the context of granting or denying the petition are reviewed for clear error." *Id.* Because no state court has adjudicated Williams's claims on the merits, the deferential standard of 28 U.S.C. § 2254(d) does not apply and review is *de novo. See James v. Ryan*, 733 F.3d 911, 914 (9th Cir. 2013).

The district court did not clearly err in concluding that Williams was competent when he entered his guilty plea. A defendant is incompetent when he lacks either the "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam) (internal quotation marks omitted). While the psychiatric reports in the record indicate that Williams likely suffered from significant mental health issues, they also reflect the possibility that Williams was malingering and being purposefully noncooperative. The district court closely

reviewed the record and reasonably determined that Williams was competent to enter the plea.

Additionally, the state trial court's failure to inquire into Williams's competency did not violate his due process rights. A trial court is required to "sua sponte inquire into a defendant's competency if a reasonable judge would be expected to have a *bona fide* doubt as to the defendant's competence." *Clark v. Arnold*, 769 F.3d 711, 729 (9th Cir. 2014) (internal quotation marks omitted). On this record, a reasonable judge could have lacked a *bona fide* doubt as to Williams's competence.

**AFFIRMED.**