NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL LAMAR ROSE, | No. 15-56950 |
| Petitioner-Appellant, | D.C. No. 5:11-cv-01654-MMM-JPR |
| v. | |
| A. HEDGPETH; XAVIER BECERRA, Attorney General, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted May 14, 2018
Pasadena, California

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Michael Lamar Rose appeals from the denial of his petition for a writ of

habeas corpus. As the parties are familiar with the facts, we do not recount them

here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse

in part, and remand with instructions.

1. *Denial-of-Counsel Claim.* Contrary to petitioner's argument, the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

California court of appeal adjudicated his denial-of-counsel claim "on the merits." 28 U.S.C. § 2254(d). Petitioner's opening brief in that court featured two arguments, the latter of which asserted the constructive denial of counsel during post-trial proceedings. The court of appeal's opinion also addressed petitioner's appeal in two parts, indicating that the court recognized that petitioner was asserting two distinct arguments, the second of which related to the denial of counsel, and that it sought to address each of those arguments in turn. The court of appeal's citation, moreover, to California case law premised on the Sixth Amendment right to counsel, *see People v. Smith*, 863 P.2d 192, 196–99 (Cal. 1993) (citing *Gideon v. Wainwright*, 372 U.S. 335 (1963)), indicates that the court "understood itself to be deciding a question with federal constitutional dimensions," *Johnson v. Williams*, 568 U.S. 289, 305 (2013), and thus that it resolved petitioner's claim "on the merits," 28 U.S.C. § 2254(d).

The U.S. Supreme Court has never held that a post-trial, pre-appeal motion for a new trial is a "critical stage" to which the Sixth Amendment right to counsel applies. *United States v. Cronic*, 466 U.S. 648, 659 (1984). There being no such precedent, petitioner's argument that the California court of appeal's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), necessarily fails. *See, e.g., Marshall v. Rodgers*, 569 U.S. 58, 61–64

(2013) (per curiam); *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009).

2. *Ineffective-Assistance Claim.* Because respondents failed to "raise the issue of procedural default in [the] district court or on appeal," they have forfeited any argument that petitioner's ineffective-assistance claim is procedurally defaulted. *Chaker v. Crogan*, 428 F.3d 1215, 1220 (9th Cir. 2005). 28 U.S.C. § 2254(d) does not apply, moreover, because petitioner did not raise his standalone ineffective-assistance claim until his second state habeas petition and the California superior court order denying that petition stated only that it was "a serial petition alleging no new facts." We must therefore review petitioner's ineffective-assistance claim de novo. *See James v. Ryan*, 733 F.3d 911, 914 (9th Cir. 2013); *see also Fox v. Johnson*, 832 F.3d 978, 985–86 (9th Cir. 2016).

Taking his specific factual allegations as true, petitioner has pleaded a colorable ineffective-assistance claim in two respects. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). First, trial counsel may have been deficient in declining to view, investigate, and attempt to introduce an alleged video of an interview in which petitioner's alleged victim Denmon purportedly admitted to framing petitioner. Second, trial counsel may have been deficient in declining to call Charlene Bell and Africa Bolden, who petitioner avers would have testified that Denmon admitted, among other things, that "he was allowing [petitioner] to possibly spend his life in prison" to retaliate against one of petitioner's co-

defendants.  The record does not disclose trial counsel's reasons, strategic or otherwise, for not investigating and not attempting to introduce either the alleged video or Denmon's purported admission to Bell and Bolden of having framed petitioner.[1]  *See Strickland v. Washington*, 466 U.S. 668, 690–91 (1984); *Howard v. Clark*, 608 F.3d 563, 573 n.4 (9th Cir. 2010); *see also Duncan v. Ornoski*, 528 F.3d 1222, 1237 n.7 (9th Cir. 2008).

Petitioner makes a colorable argument, moreover, that there is a "reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different."  *Strickland*, 466 U.S. at 694.  As the only witness who could have seen whether petitioner was either a willing participant in the crime or merely acting under duress, Denmon's credibility was a central issue in petitioner's trial, and evidence that he had admitted to having framed petitioner to retaliate against petitioner's co-defendant would have undercut Denmon's credibility.  Moreover, the jury sent the trial court seven notes seeking, among other things, clarification as

---

[1] Petitioner has otherwise failed to plead a colorable ineffective-assistance claim: "the record refutes" his theory that trial counsel was deficient in refusing to call Peggy Ramos and Laquanda Rose to testify that associates of petitioner's co-defendant Donald Shorts intimidated them at their home after the murder-robbery. *Landrigan*, 550 U.S. at 474.  Counsel's explanations at the *Marsden* hearing for his refusal to call these witnesses—that evidence regarding petitioner's reasons for his out-of-state travel may have evidenced consciousness of guilt, thereby undermining his duress defense, and that calling Ramos and Rose may have prompted damaging rebuttal testimony by the prosecution—were well within the range of sound trial strategy.  *See Brodit v. Cambra*, 350 F.3d 985, 992–93 (9th Cir. 2003).

4

to aiding-and-abetting liability; a playback of petitioner's police interview; and readbacks of Denmon's testimony regarding his and petitioner's movements before the crime. The jury was also deadlocked ten-to-two or eleven-to-one as to petitioner even after it had already convicted his co-defendants. These circumstances suggest that petitioner's case was close. Petitioner has therefore pleaded "a colorable claim [to relief]." *Scott v. Schriro*, 567 F.3d 573, 583 (9th Cir. 2009) (per curiam) (alteration in original).

Contrary to respondents' argument, petitioner has not "failed to develop the factual basis of [his ineffective-assistance] claim in State court proceedings" such that 28 U.S.C. § 2254(e)(2) governs his eligibility for an evidentiary hearing. Because the state courts denied petitioner's second state habeas petition "without ordering formal pleadings," petitioner "never reached the stage of the [state habeas] proceedings at which an evidentiary hearing should be requested" and thus "has not shown a lack of diligence at the relevant stages of the state court proceedings . . . ." *Horton v. Mayle*, 408 F.3d 570, 582 n.6 (9th Cir. 2005) (internal quotation marks omitted) (citing *Williams v. Taylor*, 529 U.S. 420, 437 (2000)). Moreover, petitioner expressly requested an evidentiary hearing in the California court of appeal. *See Williams*, 529 U.S. at 437. Thus, 28 U.S.C. § 2254(e)(2) does not apply.

Because 28 U.S.C. § 2254(e)(2) does not bar a hearing; because petitioner

5

has "raise[d] a colorable claim to relief"; and because "there has not been a state or federal hearing on" his ineffective-assistance claim, "we must remand to the district court for an evidentiary hearing." *Scott*, 567 F.3d at 583 (brackets and internal quotation marks omitted); *see also Townsend v. Sain*, 372 U.S. 293, 312–13 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992).

3. Accordingly, although we affirm the district court's denial of relief as to petitioner's denial-of-counsel claim, we reverse the denial of relief as to petitioner's *Strickland* claim and remand the case for an evidentiary hearing at which petitioner's colorable allegations of ineffective assistance may be subjected to proof. Once the factual record has been fully developed, the district court should consider in the first instance whether petitioner has demonstrated entitlement to habeas relief. We express no opinion on that question here.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**